SHAKER COVENTRY CORPORATION, Appellant, v.
SHAKER HEIGHTS PLANNING COMMISSION et,
Appellees.

Common Pleas Court, Cuyahoga County.

No. 735,854.   Decided March 24, 1961.

48

*Mr. Henry DuLaurence* and *Mr. Wm. R. VanAken* of *Messrs. VanAken, Whiting, Arnold, Bond & Nash*, for appellant. *Mr. Walter C. Kelley, Jr.*, for appellee.

JOHN V. CORRIGAN, J. This is an appeal from an order of the Board of Zoning Appeals of Shaker Heights, Ohio, sustaining a decision of the Building Commissioner denying the Shaker Coventry Corporation (hereinafter called the appellant) a building permit to erect an apartment house on the Southwest corner of Shaker Boulevard and Coventry Road in the City of Shaker Heights (hereinafter called the City).

A transcript of the Board of Zoning Appeals record and its findings was filed. Additional testimony consisting of exhibits, maps, photographs, title reports and zoning ordinances were offered and received into evidence. Twelve witnesses testified and the Court in company with counsel for both sides viewed the property and its immediate neighborhood.

This property, which is the subject of this action, has been variously zoned since its allotment in 1910. At present it is zoned for single family and duplex use. Although Shaker Heights is almost completely built up, there has never been any construction on the lot since its allotment in 1910.

The appellant purchased the property in 1947 as part of a larger parcel. This larger parcel lay both in the City of

Cleveland and in Shaker Heights. On the Cleveland side the property was zoned for apartment house use—over the line on the Shaker side the property was zoned for single family use.

It is stipulated that in the latter part of 1959 the appellant applied for a permit to construct a 25-suite apartment with plans therefor to the Building Commissioner. This was denied. Subsequently the denial of this building permit was appealed to the Board of Zoning Appeals of Shaker Heights. This was refused.

At the time of refusal the following entry was made by the Secretary of the Zoning Board of Appeals: "has no authority or jurisdiction in the matter. No hearing was held."

The appellants then appealed this matter to the Common Pleas Court of Cuyahoga County as provided for in Sections 2506.01 to 2506.04, inclusive, Revised Code. The appellees filed a motion to dismiss the appeal on the ground of lack of jurisdiction of the subject matter by both the Shaker Heights Board of Zoning Appeals and the Common Pleas Court. This motion was overruled by Judge Saul Danaceau sitting at the time in Court Room No. 1.

Counsel for the City at the opening of the hearing immediately moved to dismiss the appeal on the grounds that this Court lacked jurisdiction to consider the merits of the appeal. Over the objections of the appellant the Court entertained the motion, withheld ruling on the same, and allowed the same motion to be renewed at the close of the appellant's evidence.

As the Court views all of the evidence and arguments of counsel there are two basic issues to be decided. First, does this Court have jurisdiction to consider the merits of this appeal from the Board of Zoning Appeals and to determine the legality of the order of the Board or the validity of the pertinent zoning ordinance as it affects the specific property in question? If this question is resolved in favor of the appellant, it then is necessary for the Court to determine whether the zoning of the appellant's property is unreasonable, arbitrary, or capricious under all the facts and circumstances presented.

The City contends that this Court, in reviewing the validity of the decision of the Board below, pursuant to Chapter 2506,

Revised Code, has no greater authority or jurisdiction over the subject matter than did the Board under the applicable provisions of the zoning ordinance of the City.

The transcript of the proceedings of the Board reads, in part:

"In view of the fact that Board of Zoning Appeals has no authority or jurisdiction in the matter no hearing was held."

In brief, the City argues that neither the zoning ordinance nor any other ordinance grants authority or power to the Board to permit the construction of an apartment building in a single family zone and that the Board had no authority under the variance provisions of the ordinance to issue a permit for the apartment building. The only relief open to the appellant, according to City's position, would be to seek legislative action rezoning the particular property for apartment use. In effect, the City says the legislative authority has spoken and unless and until that branch of the government decrees otherwise the property owner has no right of appeal.

Municipalities have the right to enact zoning laws and that function is legislative in nature, but clearly the power is exercised subject to general provisions which afford certain safeguards to any persons affected by such ordinances. Even the City's Ordinance provides that—

"any person aggrieved by any decision of the Inspector of Buildings relative to the interpretation of this ordinance may appeal to the Board of Zoning Appeals from such decision within 10 days after the rendition of such decision."

Yet in the face of this unqualified provision the Board here refused to afford the appellant even a perfunctory hearing and now through counsel for the City seek to have this Court deny that it has jurisdiction and arbitrarily follow the City's lead in denying the property owner any right of appeal by dismissing this matter.

Referring to the previous ruling on this question of dismissal by Judge Danaceau, the brief of the City states:

"It is submitted that the ruling of the Court on appellee's motion at that time was justifiable on the ground that, while the Court did not have jurisdiction to consider the merits of the appeal, it did have jurisdiction to entertain the appeal for

the purpose of determining whether or not the administrative body below had jurisdiction.''

By this concession the City seems to admit that the Board should have afforded the appellant a hearing even though it felt that it may have lacked the authority to grant the permit or allow a variance. Clearly the Board had the express power to conduct the hearing and was required to exercise its jurisdiction in the matter.

Having reached this conclusion the Court now could refer the case back to the Board for appropriate action. However, as a result of the testimony and briefs submitted by the City the Court is fully aware of the City's position and realizes that such a- referral would only delay a final ruling by the Court on the basic issues involved and testified about during the four-day trial.

This appeal is taken pursuant to Section 2506.01, et seq., Revised Code. Within recent months the Supreme Court in a series of concise opinions has stated that in zoning matters the right of appeal provided in Chapter 2506, Revised Code, is the manner in which to test the validity of ordinances. In *State, ex rel. Fredrix,* v. *Village of Beachwood et al.,* 171 Ohio St., 343, the owner of property zoned for residential use requested a permit to construct a gasoline station. The building commissioner rejected the application. An action in mandamus was filed to force the issuance of the permit. The per curiam opinion reads, as follows:

''Relator had an adequate remedy by way of appeal under authority of Chapter 2506, Revised Code, providing for a judicial review of final orders of administrative boards of municipalities, to test the validity of the zoning ordinance.

''Relator failed to employ that remedy, and this court is of the opinion that the Court of Appeals did not abuse its discretion in denying the writ. *State, ex rel. Lorain County Savings & Trust Co.,* v. *Board of County Commrs. of Lorain County, ante,* 306; *State, ex rel. Gund Co.,* v. *Village of Solon, ante,* 318; *State, ex rel. Grant, Exr.,* v. *Kiefaber et al., Montgomery County Planning Comm., ante,* 326.

''The judgment of the Court of Appeals is affirmed.''

The broad discretionary powers granted under this Chapter

vests the Court with authority to review the whole transaction by allowing new and additional testimony in a manner beyond that permitted in any other form of appeal. The courts certainly are not soliciting extra work, but realize that the action of the various boards is not conducted with the considered deliberation and the objectivity warranted in every case. On questions of zoning particularly local boards subjected to the pressure of aroused neighbors at times are inclined to be arbitrary and impatient with the rights and request of an individual property owner.

The action by the Board in refusing to allow a hearing and in dismissing the appeal was—

"an order affecting a substantial right . . . which in effect determines the action and prevents a judgment . . ." (Section 2505.02, Revised Code.)

Without a doubt it constituted a final order from which an appeal did lie.

Anticipating the possibility of the Court allowing this appeal, the City's counsel asserted that—

"the right of an appellant to ask a reviewing court to consider the merits of his request for relief are not unlimited or unqualified."

Certainly the appellant's right to appeal cannot be circumscribed by the City's legislative action to the extent of denying any relief except from the City Council. The merits of the appellant's position can be tested in a mandamus action or an action for a declaratory judgment, it is true. However, the Supreme Court has not in its wisdom fixed any such requirement or limitation, but on the contrary has indicated that the avenue here pursued by the appellant is the proper way to test the validity of the zoning ordinance in a specific case.

Accordingly this Court is of the opinion that it has full jurisdiction over this appeal, may inquire into the merits of the same, and decide the reasonableness and validity of the zoning ordinance as it affects the property in question.

To sustain the burden that the zoning of appellant's property for single family or duplex purposes is unreasonable, arbitrary, discriminating or capricious the appellant offered the

testimony of several witnesses thoroughly familiar with subject property and recognized in their respective fields.

Their evidence revealed that the subject property is located at the end of a block facing on Shaker Boulevard which is completely developed with high rise apartments on both sides of the street. Immediately opposite the property in the center of Shaker Boulevard is a rapid transit stop, a Sohio gasoline service station, and a shelter house containing small store and newstand selling soft drinks, sandwiches and a few grocery items. Since the incorporation of the City the land has remained vacant and for a period of thirty-seven years was covered by deed restrictions of the Van Sweringen Company which were released and which then permitted the construction of apartments, subject of course to any municipal restrictions. The property is unadaptable to single or two-family use and the highest and best use would be for apartment purposes. Further the appellant's witnesses testified that in their opinion the proposed construction would in no way affect in a derogatory manner the health, welfare, morals or safety of the community.

The most persuasive witness for the appellant was the Mayor of Shaker Heights himself who stated that as presently zoned the property will never be developed for single family use because it is economically unfeasible and undesirable to place a single family residence there. He admitted that a great many neighbors in the immediate vicinity were opposed to the five-story apartment but that he honestly did not think it would have an adverse effect on the health, safety and morals of the community. He pointed out that the subject property is facing the commercial non-conforming uses referred to above. In light of the fact that the subject property is located along Shaker Boulevard which is lined with apartments in this same block and the circumstances surrounding the parcel, the highest and best use from the owner's point of view would be for a multiple family dwelling. The Mayor added that such a development would materially add to the tax duplicate of the City.

Counsel for City says in his brief that generally speaking, properties zoned and used for apartment or office building or commercial use have a much higher value, but this does not

mean that all such property should be re-zoned or that a difference in value is a criteria in determining the validity of zoning. The Court doesn't disagree with this statement, except to point out that the subject property (Sublot 125 and part of Sublot 124) and the effect of the zoning ordinance pertaining thereto is the issue before the Court.

In the light of all the circumstances including the general nature of the neighborhood, the commercial non-conforming uses immediately across from the property, the history of the zoning of this parcel, and the weight of the appellant's testimony, the zoning ordinance as it affects this property is arbitrary, unreasonable and beyond the zoning power of the City. Since the general welfare of the community will not be affected and the public health, morals and safety of the area and the entire community will not be impaired by the construction of a multiple family dwelling, the ordinance arbitrarily limiting the use of the particular subject property constitutes an infringement of the owner's rights and is illegal and void under both the State and Federal constitutional provisions protecting private property.

The benefits accruing from the "modern regimentation in the use of real property known as zoning" are well-recognized. Its value to the municipality and to the property owners in the immediate area cannot be questioned. However, care must be exercised to assure the individual property owner, when the reasonable use of his land is affected, of an opportunity to be heard. An arbitrary refusal to consider his appeal cannot be countenanced in this situation where the ordinance as applied and limited to this particular property is unreasonable and bears no substantial relationship to public health, morals, or safety. Had this matter been thoroughly and objectively aired by the Board this Court believes this litigation could have been avoided. The proposed construction of a high rise apartment admittedly was an intrusion into the Coventry Road-neighborhood of single and duplex homes and was bound to give concern to the property owners involved. The appellant should not have been unmindful of the feelings of these people and should have considered the advisability of erecting not a high rise apartment but a multiple family dwelling more in conformity with the nature of the homes facing on Coventry

Road. From what information the Court was furnished by both counsel the Board could have granted a variance within their powers for a non-conforming use, here a garden-type apartment, not lower in restrictiveness than one district lower than the area of the premises covered by this appeal. It is the opinion of this Court that this would have been the proper procedure under all the circumstances.

This Court, after extended consideration of all the evidence and the law applicable thereto, further finds that the zoning by the City restricting the use of Sublot 125 and part of Sublot 124 for single family or duplex residence is not necessary to promote the health, safety, morals, convenience or general welfare of the residents of Shaker Heights, and that as applied but expressly limited to the subject property it is improper and invalid, and that such zoning is unreasonable and arbitrary. Invoking its full equitable and statutory powers this Court further directs the Building Department of the City of Shaker Heights to issue a building permit to the appellant for a multiple family apartment consistent with the opinion herein expressed and in conformity with the required building standards of the City.