VAN CUREN ET AL., APPELLANTS, *v.* VILLAGE OF MAYFIELD ET AL., APPELLEES.

[Cite as Van Curen v. Mayfield (1974), 40 Ohio App. 2d 147.]

(No. 32566—Decided February 7, 1974.)

*Mr. Charles E. Merchant* and *Mr. Ebert Weidner,* for appellants.

*Mr. Ron Tonidandel,* for appellees.

McMONAGLE, J. The complaint filed in the Court of Common Pleas was one for a declaratory judgment. The prayer of the complaint reads as follows:

I. That the zoning ordinance, zoning plaintiff's 90 x 47 foot parcel of land for single-family use (U-1), is unconstitutional, invalid and void to the extent it pertains to the

use of plaintiff's 90 x 47 foot parcel, and that it is not binding on plaintiff;

II. That the defendant, Village of Mayfield, be permanently enjoined and restrained from enforcing and executing the zoning ordinance zoning plaintiff's 90 x 47 foot parcel as it applies to plaintiff;

III. That the Court finds a reasonable use of plaintiff's 90 x 47 foot parcel to be any of the uses permitted under the Village of Mayfield "local business district" classification;

IV. That the Court finds that the plaintiff has a clear legal right to use her land consistent with the above requested findings;

V. That the defendant Village of Mayfield issue a building permit, upon proper application, to the plaintiff, or her assigns, allowing the use of plaintiff's 90 x 47 foot parcel of land for any of the uses permitted under the Village of Mayfield's "local business district" classification and its related ordinances as they read as of the date of filing this complaint; and

VI. For costs.

The judgment of the trial court was one in favor of defendant Village of Mayfield. The judgment entry of the trial court reads as follows:

"2/18/73, Trial had. Judgment for defendant at cost of plaintiff."

Findings of fact and conclusions of law were duly entered by the trial court. The conclusions of law read as follows:

(1) In disapproving and not enacting Ordinance No. 1971-33 providing for rezoning of the 90 x 47.22 foot piece of Sublot 13 from residential to local business use as plaintiffs requested, the Council of the Village of Mayfield did not act in an arbitrary, capricious, discriminatory or confiscatory manner, or in a manner wholly unrelated to the public health, safety, morals and welfare, and it was not an invalid exercise of the police power and did not deprive plaintiffs of their property without due process of law or deprive them of the equal protection of the laws.

The judgment of the trial court was appealed by the plaintiffs to this court.

The original zoning ordinance for the Village of Mayfield was enacted in 1935. In 1935, the area which included the subject parcel was zoned U-1 single residences. Sandlewood Drive, which is now the first street north of Wilson Mills Road running easterly from SOM Center Road, did not exist. When Sandlewood Drive became part of an allotment and opened for use, a parcel, fronting 387 feet on the south side of Sandlewood Drive, measured from the center of SOM Center Road, and 47.22 feet deep remained in the U-1 classification. The subject property is part of that 387 feet by 47.22 feet parcel and still remains classified U-1. In 1964, the westerly 210 feet of the 387 feet (measured from the center of SOM Center Road) was rezoned commercial. The balance of the land south of the subject property and also south of the rezoned property, which lies west of the subject property, was all zoned commercial (U-4.) The property east of the rezoned 210 feet that had belonged to the plaintiffs was sold to UCF Realty Corporation and it, together with other property, was alloted into Elsena Acres Subdivision No. 2, consisting of approximately 100 single-residence parcels. Included in the allotment were two sublots described as Sublots 12 and 13. The northerly 47.22 feet of each of these had been included in the original 387 feet by 47.22 parcel that resulted from the locating of Sandlewood Drive.

The land consisting of Sublots 12 and 13 was reconveyed to the plaintiffs. The net result of the various zoning enactments and transfers resulted in the subject parcel, which fronts 90 feet on the southerly side of Sandlewood Drive and is 47.22 feet deep, being located approximately 180 feet east of the easterly edge of SOM Center Road. All of the property due south of such parcel and west of it is zoned U-4, local business. The zoning ordinance of Mayfield does not permit the construction of any structure on a parcel 90 feet front by 47.22 deep. It is the claim of the plaintiffs that the Mayfield zoning restrictions have resulted in this parcel being useless and of no value. They con-

tend that it has been taken from them without due process of law, in violation of their constitutional rights.

The Assignments of Error submitted by the plaintiffs in the within appeal are as follows:

(1) The judgment of the court below is contrary to law.

(2) The judgment of the court below is against the manifest weight of the evidence.

(3) The trial court erred in its overruling plaintiffs' objection to the introduction into evidence of the Regional Planning Commission Land Study.

The court finds that there was no error in permitting the Regional Planning Commission Land Study into evidence as part of the testimony of Mr. Svoboda. The exhibit, which was corroborative of the testimony of the witness, provided some probative evidence. Assignment of Error No. 3 is not well taken and is therefore overruled.

An issue as to the weight of the evidence is not present in this appeal. There does not appear to be any dispute about the actual operative facts. The determinative issue is that contained in Assignment of Error No. 1. Assignment of Error No. 2 will therefore be overruled.

It is apparent from the record that the trial court found that the plaintiffs' claim for relief was limited to a determination of whether the action of the Mayfield Council in adopting Ordinance 1971-33 was arbitrary and discriminatory.

In discussing the matter with plaintiff, the court stated:

"The Court disagrees with you on that score, because it is your contention that in August of 1971, council rejected your request for rezoning of the subject parcel in question, 47 by 90, and it is your contention in your petition that council abuses its discretion in doing so and I think the real crux in the present lawsuit is whether or not the council was arbitrary, they abused their discretion, was discriminatory *in the acts taken by council in the ordinance of 1971 seeking a rezoning*, and this evidence pertains to the relation of that particular situation and, therefore,

this Court thinks it is material." (Emphasis added.)

The court again stated what he considered to be the contention of the plaintiff and, therefore, the issue that was to be decided. He said:

"At the present time there is the sole question and the only question: Is that parcel that is now in question before the Court, the 90 by 47, and which is in a U-1 zoning, and which the plaintiff sought to rezone it to conform with the rest of the parcel he desires for the establishment of a local operation, was the action of the council in refusing to rezone it arbitrary, discriminatory, confiscatory and wholly unrelated to the public health, safety and morals and welfare and not an exercise of judgment."

Under the Civil Rules, the issues of the case are made up not only on the pleadings, but also on the evidence. While the prayer of the complaint does not limit the relief that may be granted, it is usually illustrative of the type of claim that is the subject matter of this action.

Civil Rule 8(A) provides:

"Claims for relief. A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he determines himself entitled. * * *"

Civil Rule 8(F) provides:

"Construction of pleadings. All pleadings shall be so construed as to do substantial justice."

The Ohio Civil Rules pertaining to the pleadings and particularly the complaint are patterned after the federal rules.

In McCormac, Civil Rules Practice 92, Section 5.03, the following is stated:

"* * * The United States Supreme Court, in discussing what is necessary to show a claim upon which relief could be granted, said: 'In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove *no set of facts* in support of his claim which would entitle

him to relief.' " (*Conley* v. *Gibson* (1957), 355 U. S. 41 at 45.)

At page 94, Professor McCormac remarks:

" * * * Any legal theory applicable to the short and plain statement of the incident upon which relief is based will support a recovery. This is contrasted with the factual statement of all elements of a cause of action which was formerly required."

Also, at page 99, he states:

" * * * It is clear under the Civil Rules that the facts will determine the relief to be rendered in any case, not involving a money judgment, where the defendant has not defaulted. For this reason the necessity of adding the phraseology 'and such further relief as plaintiff may be entitled to in law and equity' as was often added in Ohio practice is eliminated. Some Ohio decisions had previously indicated that the addition of this language would permit the court to render relief that was not specifically demanded."

We hold that the determinative issue herein was not limited to the failure of the Council to rezone, as requested by the plaintiffs.

A court may determine that a person is suffering a deprivation of certain rights in zoning matters and grant relief from such deprivation without it being necessary, as a predicate to the granting of such relief, to find that a legislative body which also had the authority to grant the relief had, by capriciousness, discrimination and arbitrariness, refused to do so.

Webster's New World Dictionary provides the following definitions for the following listed words:

| | |
|---|---|
| caprice: | 1. A sudden turn of mind, emotion or action caused by a whim or impulse; freakish notion, vagary. |
| discrimination: | 3. A showing of difference of favoritism in treatment. |
| arbitrary: | 1. Discretionary 2. Based on one's preference, notion or whim; hence 3. Capricious; 4. Absolute; despotic. |

This court has determined that the following states the determinative issue presented by the pleadings and the evidence:

Does the existing zoning as applied to the subject property constitute an unconstitutional deprivation of the right of the plaintiffs to the use of their property regardless of the fact that the Mayfield Council failed to adopt new legislation of the nature requested by the plaintiffs (Ord. 1971-33) and regardless of the time of the enactment of the existing zoning ordinance?

In *Shaker Coventry Corp. v. Shaker Heights* (1961), 18 Ohio Op. 2d 272, affirmed 115 Ohio App. 472, Judge John V. Corrigan stated the power and function of the court when it is concerned with the validity of a zoning ordinance. While the *Shaker* case involved an appeal under R. C. Chapter 2506, the statements of law are applicable to the facts of this case.

The court stated that the Court of Common Pleas has full jurisdiction to and, by invoking its full equitable and statutory powers, may decide the reasonableness and validity of a zoning ordinance as it affects the property in question.

At page 274, the court states:

"Municipalities have the right to enact zoning laws and that function is legislative in nature, but clearly the power is exercised subject to general provisions which afford certain safeguards to any persons affected by such ordinances."

At page 275, it is said:

"Accordingly this court is of the opinion that it has full jurisdiction over this appeal, may inquire into the merits of the same, and decide the reasonableness and validity of the zoning ordinance as its affects the property in question."

The trial court herein stated:

"We had testimony by a witness * * * and it is unquestioned from all of the testimony, that the subject parcel of 90 by 47 could not be developed for any appreciable use."

The findings of fact, with which this court agrees, includes the following:

"15. Under the present zoning the 90 x 47.22 piece of sublot No. 13 cannot be developed for any appreciable use and has only nominal value to plaintiffs * * *."

Upon a review of all the evidence, this court agrees with the factual findings of the trial court and has determined that the subject property as zoned is unadaptable for any appreciable use; that it can be used commercially only; and by its use for such purposes, the health, safety and welfare of the community would not be affected.

It is the further contention of the Village of Mayfield, however, that the decision of the trial court should be affirmed because the plaintiffs did not produce or offer any evidence to the effect that an application for a building permit had first been made to and refused by the building commissioner and that, thereafter, the proper procedure should have been by appeal, as provided in R. C. Chapter 2506.

It is obvious that the request for the issuance of a building permit would have been a vain act. The building commissioner would have had no discretion to do anything but reject the application for the construction of a commercial building, since the property was zoned for a single dwelling, and a board of zoning appeals could not rezone the property. The record, however, does indicate the presentation to the Village officials of a schematic drawing showing the contemplated use of the premises.

Uncertainties did exist in the past about the procedural steps required to present matters such as this for a determination by a court. It has now been conclusively held by the Supreme Court of Ohio in the case of *Burt Realty Corp.* v. *Columbus* (1970), 21 Ohio St. 2d 265, that an action for declaratory judgment, such as was filed by the plaintiffs herein, can afford the desired relief and that such proceedings may be in the nature of a direct attack against the constitutional infringements claimed by the plaintiffs.

In paragraph one of the syllabus, the court said:

"Where an administrative practice requires a party to incur substantial expense to obtain an administrative

determination of a question which, standing alone, would not require such expense, the administrative remedy to determine the question is not equally as serviceable as an action for a declaratory judgment.''

The court stated further, at page 266:

''Agreeing, as we do, with the Court of Appeals, that an administrative remedy was available to Burt Realty from the refusal of the building permit by way of appeal to the Columbus Board of Zoning Appeals, the gateway question is whether that remedy was equally as serviceable as an action for declaratory judgment under R. C. 2721.01 *et seq. Radaszewski* v. *Keating,* 141 Ohio St. 489; *Schaefer* v. *First National Bank,* 134 Ohio St. 511.''

At page 268, it said the following:

''*State, ex rel. Lieux,* v. *Westlake,* 154 Ohio St. 412, and *State, ex rel. Foreman,* v. *City Council,* 1 Ohio St. 2d 132, which were relied upon by the Court of Appeals, held it necessary to exhaust administrative remedies before asserting the extraordinary remedy of mandamus. However, a declaratory judgment is not an extraordinary remedy but merely a remedy in the ordinary course of the law. Cf. *Curtiss* v. *Cleveland,* 170 Ohio St. 127.

''Under the circumstances of this case, declaratory judgment is an available alternative to an unnecessarily onerous administrative remedy, and the Court of Appeals was in error in reversing the trial court on the procedural ground.''

We, therefore, hold that the filing of an application for a building permit was not a necessary predicate to the institution of these court proceedings.

We have, therefore, concluded that plaintiffs' Assignment of Error No. 1 is well taken and should be sustained and that under the facts, as established by the evidence and contained in the trial court's findings of fact and con-clusions of law, the plaintiffs were entitled to a judgment as a matter of law.

Appellate Rule 12 reads:

''(A) Determination. In every appeal from a trial court of record to a court of appeals, not dismissed, the

court of appeals shall review and affirm, modify, or reverse the judgment or final order of the trial court from which the appeal is taken.

"(B) Judgment as a matter of law. When the court of appeals determines that the trial court committed no error prejudicial to the appellant in any of the particulars assigned and argued in appellant's brief and that the appellee is entitled to have the judgment or final order of the trial court affirmed as a matter of law, the court of appeals shall enter judgment accordingly. When the court of appeals determines that the trial court committed error prejudicial to the appellant and that the appellant is entitled to have judgment or final order rendered in his favor as a matter of law, the court of appeals shall reverse the judgment or final order of the trial court and render the judgment or final order that the trial court should have rendered, or remand the cause to the court with instructions to render such judgment or final order."

This court, therefore, reverses the judgment of the Court of Common Pleas and enters a final judgment for the plaintiffs and directs that the Village of Mayfield, upon an application therefor, issue a permit for the construction of a commercial structure on the subject premises, subject to all other applicable provisions of the zoning ordinances and building code of the Village of Mayfield; and that the subject premises be placed in the classification U-4 Commercial.

*Judgment reversed.*

MANOS, C. J. and WASSERMAN, J., concur.

WASSERMAN, J., retired, was assigned to duty under authority of Section 6(C), Article IV of the Constitution. McMONAGLE, J., of the Court of Common Pleas of Cuyahoga County, sitting by designation in the Eighth Appellate District.