GATES MILLS INVESTMENT COMPANY, APPELLANT, *v.* VILLAGE OF PEPPER PIKE, APPELLEE.

(No. 75-55—Decided November 26, 1975.)

*Mr. Donald L. Goldman, Messrs. Rini & Hecht* and *Mr. Martin A. Rini*, for appellant.

*Messrs. Baker, Hostetler & Patterson, Mr. Richard R. Hollington, Jr., Mr. Oakley V. Andrews, Mr. Thomas M. Seger, Messrs. Walter, Haverfield, Buerscher & Chockley* and *Mr. Robert L. Musser*, for appellee.

*Per Curiam.* R. C. 2721.03 provides that "any person * * * whose rights, status, or other legal relations are affected by a * * * municipal ordinance * * * may have determined any question of construction or validity arising under such * * * ordinance * * * and obtain a declaration of rights, status, or other legal relations thereunder."

Defendant village characterizes the question at issue to be whether the complaint states a cause of action for declaratory judgment. It admits that, because of the pe-

culiar size and shape of the lots involved, a variance is necessary to enable plaintiff to build single-family dwellings thereon. But, argues the village, in the absence of a request for a variance, there is no justiciable controversy, and the existence of a justiciable controversy is necessary to support the maintenance of an action for declaratory judgment.

Plaintiff contends that the procedure for getting a variance under the village's ordinance is ''onerous and unduly expensive''[4] and that, in this case, it was not necessary, as a prerequisite to this declaratory judgment action, that plaintiff attempt to obtain a variance.

A majority of the Court of Appeals held that the Court of Common Pleas was without jurisdiction ''to decide questions regarding the *applicability of a zoning ordinance to a particular parcel of land* when the appellant has not so much as applied for a building permit or a variance.'' The majority of the court also said that the Court of Common Pleas was ''warranted in refusing to entertain the action for declaratory judgment regarding the question of the *constitutionality of the ordinance in general* because such a judgment would not necessarily terminate the uncertainty or controversy giving rise to the proceeding.'' It was, the court said, not intended ''that the Common Pleas Court infringe upon the municipality's authority [as to the application of zoning ordinances] by exercising original jurisdiction in zoning matters by means of a declaratory judgment action.'' (All emphasis added.)

However, in the recent case of *Driscoll* v. *Austintown Associates* (1975), 42 Ohio St. 2d 263, this court held that:

''1. The constitutionality of a zoning ordinance, as it applies to a specific parcel of property to proscribe the owner's proposed use of the property, can be determined in a declaratory judgment action.

---

'For instance, in the amended answer of the planning commission in the subdivision plat case (see *Gates Mills Investment Co.* v. *Parks,* 25 Ohio St. 2d 16, at page 18), *a* reason given for denying the proposed plat was that it failed to meet the 125-foot width and the 75-foot setback requirements of the village's zoning ordinance.

"2. The availability of a R. C. Chapter 2506 action to review the denial of a variance sought by the owner of a specific tract of land does not preclude a declaratory judgment action which challenges the constitutionality of the zoning restrictions on that land.

"* * *

"4. If a landowner has available to him an administrative remedy which can provide him with appropriate relief from a zoning restriction, and the administrative remedy is neither onerous nor unusually expensive, the landowner must exhaust that administrative remedy prior to instituting a declaratory judgment action challenging the constitutionality of the zoning restriction.

"5. The doctrine of 'failure to exhaust available administrative remedies' is an affirmative defense to a declaratory judgment action challenging the constitutionality of a zoning restriction, and if this defense is not timely asserted in that action, it is waived."

Therefore, under *Driscoll* v. *Austintown*, the Common Pleas Court had jurisdiction of the subject matter of plaintiff's complaint, and, for the reasons stated in *Driscoll*, it was error for the court to dismiss plaintiff's complaint for declaratory judgment on a motion seeking dismissal for lack of jurisdiction over the subject matter.[5]

Accordingly, the judgment of the Court of Appeals is reversed, and the cause is remanded to the Court of Common Pleas for further proceedings conforming to this court's opinion in *Driscoll*.

*Judgment reversed.*

O'NEILL, C. J., PUTMAN, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

PUTMAN, J., of the Fifth Appellate District, sitting for HERBERT, J.,

---

[5]See, also, Civ. R. 57.