GATES MILLS INVESTMENT COMPANY, APPELLANT, *v.* VILLAGE OF PEPPER PIKE, APPELLEE.

(No. 37009—Decided August 10, 1978.)

Messrs. Rini, Cosiano & Pedley, Mr. Donald L. Goldman, and Mr. Emanuel H. Hecht for appellant.

Messrs, Baker, Hostetler & Patterson, Mr. Richard R. Hollington, Jr., Mr. Oakley V. Andrews, Mr. Thomas M. Seger, Messrs. Walter, Haverfield. Buescher & Chockley and Mr. Robert L. Musser, for appellee.

KRENZLER, J. The procedural issues in the present case have been through the Ohio court systems for the past 13 years, including two appeals to the Ohio Supreme Court. See Gates Mills Investment Co. v. Pepper Pike (1975), 44 Ohio St. 2d 73; Gates Mills Investment Co. v. Parks (1971), 25 Ohio St. 2d 16. This appeal also involves a procedural issue.

The plaintiff-appellant, hereinafter referred to as appellant, is the owner of a parcel of land consisting of a portion of the hundred foot wide median strip of Gates Mills Boulevard which is a divided highway in the City of Pepper Pike.[1] The zoning for this property is U-1 and permits single family dwellings and other uses.

On February 6, 1965, appellant submitted a subdivision plat of its land comprising 13 residential lots to defendant-appellee's Planning Commission. Defendant City of Pepper Pike will hereinafter be referred to as appel-

---

[1] At the time this lawsuit was initiated Pepper Pike was a village. It is now a city and will be referred to as the City of Pepper Pike.

158

lee. The Planning Commission declined to accept the plat for recording because of various stated defects. Appellee's council affirmed the action of the Planning Commission and appellant commenced an action in the Common Pleas Court of Cuyahoga County under R. C. 711.01 seeking an order requiring recording of the plat.

The Common Pleas Court concluded that the appellee's ordinances were inapplicable to the appellant's land and constituted a deprivation of appellant's constitutional rights and that the ordinances were unreasonable and confiscatory in their application. Appellee appealed to the Eighth District Court of Appeals which affirmed the judgment of the trial court. Appellee then appealed to the Ohio Supreme Court which held that the appellant was entitled to have the plat recorded. *Gates Mills Investment Co. v. Parks, supra.* The Supreme Court in ordering the plat recorded reserved for adjudication in a proper action all questions concerning the application of appellee's zoning provisions to appellant's property. The plat was then recorded in Vol. 207, Pages 44 through 47 of the Cuyahoga County Map Records.

On July 22, 1971, appellant filed a declaratory judgment action in the Common Pleas Court and on January 5, 1972 filed an amended complaint in which it alleged that Ordinance 1970-7 of the City of Pepper Pike is inapplicable to its property and unconstitutional in general and/or unconstitutional in specific application to its property. It sought a court determination that it had a right to construct single family residences on its sublots.

The appellee filed a motion to dismiss on the basis of lack of jurisdiction of the trial court to consider constitutionality of the zoning ordinance and also because of the failure of the appellant to first seek administrative relief from the city. The Court of Common Pleas dismissed the action and this was affirmed by the Eighth District Court of Appeals in a split decision. The basis of that decision was that appellant's failure to exhaust administrative remedies deprived the trial court of subject matter jurisdiction.

Further appeal was taken to the Ohio Supreme Court which reversed the Court of Appeals on the basis of *Driscoll* v. *Austintown Associates* (1975), 42 Ohio St. 2d 263. The Ohio Supreme Court held in *Gates Mills Investment Co.* v. *Pepper Pike, supra,* that the Common Pleas Court did have jurisdiction to entertain the declaratory judgment action and that it was error to dismiss it for lack of jurisdiction of the subject matter. The Supreme Court of Ohio held that the availability of an administrative appeal under R. C. Chapter 2506 does not preclude a declaratory judgment action which challenges constitutionality of zoning ordinances. The declaratory judgment action is only available in lieu of the administrative procedure if the administrative procedure is onerous, unusually expensive, a vain act or the administrative agency does not have the authority to grant the relief requested. The Supreme Court further noted that the doctrine of failure to exhaust available administrative remedies is an affirmative defense in a declaratory judgment action which challenges the constitutionality of a zoning ordinance and this defense must be timely asserted or it is waived. The case was then reversed and remanded to the Common Pleas Court for further proceedings.

When the case was remanded to the Common Pleas Court, appellee filed its answer which was in the form of a general denial and also set forth the affirmative defense of failure to exhaust administrative remedies.

On March 8, 1978, appellee filed answers to appellant's interrogatories in which it stated that appellant's sublots did not comply with the literal terms of the Zoning Code, but that variances could be obtained from the Planning Commission in regard to those instances in which they did not so comply. In other words, the substance of the answers to the interrogatories is that the Planning Commission of the City of Pepper Pike has the authority to grant variances to appellant so that it could use its land for single family purposes.

On March 18, 1976, appellee City of Pepper Pike filed a motion for summary judgment pursuant to Civ. R. 56, to

which it attached an affidavit of its Law Director, Robert Musser, dated February 25, 1976.

The affidavit of Robert L. Musser stated that he is thoroughly familiar with the codified ordinances of the City of Pepper Pike and with the appellee's Planning and Zoning Code. He stated that the appellant's property is an area designated Class U-1 and that Section 1137.02 of the Planning and Zoning Code provides for several uses, including single family dwellings; that various sections of the Planning and Zoning Code in regard to side yard, rear yard, setback, and building line requirements may restrict the use of appellant's property for the construction of single family dwellings, but that the appellee's Planning Commission is empowered to grant variances from the literal application of the provisions of the Planning and Zoning Code. He stated that during the pendency of the instant case he has made appellant's counsel aware on repeated occasions of the availability of the administrative remedies noted above.

The appellant did not file counter affidavits to the motion for summary judgment, but on May 27, 1976, filed a motion to continue the hearing on the motion for summary judgment and to defer a ruling thereon. This motion was filed pursuant to Civ. R. 56 (F) for the stated purpose of completing discovery and demonstrating that the administrative procedure was a vain act. The motion for deferral stated that the appellant wanted to make a determination as to what the City of Pepper Pike would do in reference to an application for a variance. Attached to this motion was the affidavit of Emanuel H. Hecht, an officer and counsel of appellant, which stated in substance that throughout the entire proceedings the city administration was opposed to the building of residential homes in the center strip of Gates Mills Boulevard. He also stated that a number of newspaper articles appeared supporting his allegations. These were attached to the affidavit as Exhibits A through G. The affidavit also states that the newspaper articles reflect that former Mayor Edgar Parks and Richard R. Hollington, counsel for the appellee, stated that they were op-

posed to the building of residential homes on the appellant's property and that these sentiments clearly indicated that any attempts to pursue administrative remedies would encounter roadblocks all along the way.

On June 28, 1976, the trial court denied appellant's motion to continue the hearing and to defer the ruling on the motion for summary judgment and ordered the appellant to respond to the appellee's motion for summary judgment. On July 20, 1976, Martin Rini, counsel for appellant, filed an affidavit in opposition to the motion for summary judgment. Also on June 20, 1976, appellant filed twenty additional interrogatories which were not answered by the appellee. On August 27, 1976, the trial court entered the following order: "Defendant's motion for summary judgment granted. Judgment for defendant at plaintiff's costs."

The appellant has taken this appeal and has three assignments of error:

I. The Court of Common Pleas erred in failing to afford plaintiff-appellant the hearing required by Civil Rule 56.

II. The Court of Common Pleas erred in failing to permit plaintiff-appellant to conclude its discovery before ruling on defendant-appellee's motion for summary judgment.

III. The Court of Common Pleas erred in granting defendant-appellee's motion for summary judgment.

In this case we are concerned with the interrelationship between Civ. R. 56 which deals with summary judgments, a declaratory judgment action brought under R. C. Chapter 2721 to challenge the constitutionality of a zoning ordinance, and the affirmative defense of failure to exhaust administrative remedies.

The first assignment of error deals with the question of whether an oral hearing is mandatory under Civ. R. 56. Appellant contends that the language contained in Civ. R. 56[3](C) that the motion for summary judgment shall be ser-

---

[3]Civ. R. 56 provides:

"(C) Motion and proceedings thereon. The motion shall be served at least fourteen days before the time fixed for hearing. The adverse party prior to the day of hearing may serve and

ved at least 14 days before the time fixed for hearing means that there must be a hearing whenever a motion for summary judgment is filed.

Appellee contends that this language does not require a hearing on every motion for summary judgment, but that a hearing may be granted within the trial court's discretion if an application for a hearing is filed. If the application is granted the motion shall be served upon the opposing party at least 14 days before the hearing. This would afford the opposing party an opportunity to prepare opposing affidavits and serve and file them before the day of the hearing.

A careful review of the Ohio Rules of Civil Procedure demonstrates that whenever these rules intend that a hearing shall be held such intention is clearly expressed. For example, it is stated in clear language in Civ. R. 12 that a hearing and determination are required before trial on application of any party when the defenses enumerated in Civ. R. 12(B) (1) through (7) are raised.[3] This does not include a motion for summary judgment. Also when a motion for a new trial is granted by the trial court for a reason not stated in the party's motion seeking a new trial, the Civil Rules provide that the court must give the parties notice and an opportunity to be heard on the matter.[4]

---

file opposing affidavits. Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

[3]Civ. R. 12 provides:

"(D) Preliminary hearings. The defenses specifically enumerated (1) to (7) in subdivision (B) of this rule, whether made in a pleading or by motion, and the motion for judgment mentioned in subdivision (C) of this rule shall be heard and determined before trial on application of any party."

[4]Civ. R. 59 provides:

"(D) On initiative of court.

"The court may also grant a motion for a new trial, timely served by a party, for a reason not stated in the party's motion. In such case

In addition, Civ. R. 65 which deals with injunctions provides that in case a temporary restraining order is granted without notice the motion for preliminary injunction shall be set down for hearing at the earliest possible time.[5] This is a clear mandate that there shall be a hearing on a motion for preliminary injunction. Civ. R. 56 does not contain such language.

On the other hand, when it is discretionary as to whether an oral hearing will be given, language similar to that contained in Civ. R. 56(C) is used. For example, Civ. R. 6(D)[6] states that a notice of hearing shall be served not later than 7 days before the time fixed for the hearing on a motion for relief from judgment. The language in Civ. R. 56 (C) provides that a notice of a hearing shall be served not later than 14 days before the time fixed for the hearing. Neither Civ. R. 6(D) nor Civ. R. 56(C) require that there be a hearing on every motion.

Attention is also invited to Local Rule 11(A)[7] of the Court of Common Pleas of Cuyahoga County which states that motions in general shall be submitted and determined upon the motion papers. Oral arguments of motions will be permitted on application and proper showing.

Appellee also contends that the appellant failed to

---

the court shall give the parties notice and an opportunity to be heard on the matter. The court shall specify the grounds for new trial in the order."

[5]Civ. R. 65 provides:

"(A) Temporary restraining order; notice; hearing; duration.

"* * *

"In case a temporary restraining order is granted without notice, the motion for a preliminary injunction shall be set down for hearing at the earliest possible time and takes precedence over all matters except older matters of the same character."

[6]Civ. R. 6 provides:

"(D) Time: Motions. A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than seven days before the time fixed for the hearing, unless a different period is fixed by these rules or by order of the court."

[7]Local Rule 11 provides:

"(A) Motions, in general, shall be submitted and determined upon the motion papers hereinafter referred to. Oral arguments of motions will be permitted on application and proper showing."

apply for an oral hearing and that such failure to apply constitutes a waiver. The appellant claims that when it filed its motion for a continuance of the hearing it was implicit that it also constituted an application for a hearing.

In the present case appellant filed a motion to continue hearing on the motion for summary judgment and to defer ruling thereon on May 27, 1976. On June 29, 1976, the trial court entered an order which stated: "Plaintiff's motion to continue hearing on motion for summary judgment and defer ruling thereon denied. Plaintiff to respond to defendant's motion for summary judgment." While the appellant did not expressly file an application for a hearing on the motion for summary judgment, its motion to continue a hearing on the motion will be considered an application for a hearing on the motion for summary judgment as well as a motion to continue the hearing and defer ruling thereon.

It is our conclusion that it is not mandatory that there be an oral hearing on every motion for summary judgment even if one were requested. Civ. R. 56(C) does not expressly require an oral hearing on every motion for summary judgment. The only possible way to read this into Rule 56(C) would be by implication and this would be stretching the language of the rule too far.

The language that a motion must be filed 14 days before the date of the hearing merely means that if the trial court does exercise its discretion and conducts a hearing, the motion for summary judgment must be served on the opposing party at least 14 days before the date set for the hearing. This will then afford the opposing party adequate time to file and serve opposing affidavits.

It is our holding that failure to make an application for a hearing on a motion for summary judgment by either party constitutes a waiver of the right to a hearing. However, when an application for an oral hearing on a motion for a summary judgment is made by either party, it is within the trial court's discretion whether a hearing will be held. The issue of abuse of discretion by the trial court in refus-

ing to grant a hearing may be considered as an assignment of error in an appeal.

The party requesting the hearing has the burden of demonstrating in an appeal that the trial court abused its discretion in not affording the hearing. In determining whether it is an abuse of discretion, a reviewing court will consider the material before the trial court when it acted on the motion for summary judgment such as depositions, affidavits, answers to interrogatories, transcripts of testimony, stipulations, and any other evidence.

In the present case the trial court did not abuse its discretion in denying the application for a hearing.

It is also noted that the federal court's interpretation of Civ. R. 56(c) of the Federal Rules of Civil Procedure, which is similar in wording to Ohio Civ. R. 56(C), comports with our holding that in the absence of an application by a party for oral argument on a motion for summary judgment oral argument will be deemed to have been waived. *See Dayco Corp.* v. *Goodyear Tire & Rubber Co.* (C. A. 6, 1975), 523 F. 2d 389; *Dredge Corp.* v. *Penny* (C. A. 9, 1964), 338 F. 2d 456. Our departure is with those federal courts which hold that Fed. R. Civ. P. 56(c) appears to contemplate that a hearing will be had before disposition of a motion for summary judgment, and therefore once a party files an application for an oral hearing on a motion for summary judgment it can never be denied. *Dredge Corp.* v. *Penny, supra.* This interpretation is not binding upon state courts and we disagree with it. Furthermore, some federal courts have not found oral argument to be essential to the disposition of a motion for summary judgment. The Seventh Circuit reached such a conclusion when it upheld a local District Court rule providing for the submission of motions without oral argument. *Allen* v. *Beneficial Finance Co.* (C. A. 7, 1976), 531 F. 2d 797, *certiorari denied*, 429 U. S. 885.

We note this conflict between the Seventh and Ninth Circuits in concluding that if an application is made for an oral hearing on a motion for summary judgment under

Civ. R. 56(c) it is within the trial court's discretion whether or not to grant such a request.

The first assignment of error is not well taken.

To afford a better understanding of the discussion of the second and third assignments of error, it will be helpful to first review the relationship between a declaratory judgment action under R. C. Chapter 2721, availability of administrative remedies, and summary judgment under Civ. R. 56.

The general rule is that a party may maintain a declaratory judgment action under R. C. Chapter 2721 attacking constitutionality of a zoning ordinance. *Driscoll* v. *Austintown Associates, supra.* But, if a party has available an adequate and serviceable administrative remedy which can provide him with appropriate relief from a zoning restriction and this remedy is neither onerous nor unusually expensive, he cannot maintain a declaratory judgment action attacking constitutionality of a zoning ordinance. *Driscoll* v. *Austintown Associates, supra.* However, the adminstrative remedy must be equally as serviceable as the declaratory judgment action. *Radaszewski* v. *Keating* (1943), 141 Ohio St. 489. *Schaeffer* v. *First National Bank* (1938), 134 Ohio St. 511.

It is noted that the defense of an adequate and serviceable administrative remedy is an affirmative defense which must be raised by a defendant municipality or it is considered waived. *Driscoll* v. *Austintown Associates, supra.*

If a defendant city raises the affirmative defense of failure to exhaust administrative remedies the plaintiff must demonstrate that the administrative remedy is onerous, unduly expensive, not equally as serviceable as a declaratory judgment action, or would be a vain act. *See Gates Mills Investment Co.* v. *Pepper Pike, supra; Kaufman* v. *Newburg Heights* (1971), 26 Ohio St. 2d 217; *Burt Realty Corp.* v. *Columbus* (1970), 21 Ohio St. 2d 265; *Killeen Realty Co.* v. *East Cleveland* (1959), 169 Ohio St. 375. Also *see Standard Oil Company* v. *Warrensville Heights* (1976), 48 Ohio App. 2d 1; *Van Curen* v. *Mayfield* (1974), 40 Ohio App. 2d 147.

Further explanation is required to describe those situations in which resort to an administrative remedy would be considered onerous, unduly expensive or a vain act.

An administrative remedy would be considered onerous if it were burdensome or oppressive, for example, a municipality's procedure which requires complicated proceedings in regard to an application for simple relief. Administrative relief would be considered unduly expensive whereby a procedure requires a party to make excessive expenditures for a simple request of relief such as requiring a complete set of plans and specifications before determination of a building setback line. *See Burt Realty Corp.* v. *Columbus, supra; Killeen Realty Co.* v. *City of East Cleveland, supra.* The seeking of an administrative remedy would be a vain act where the administrative agency does not have authority to grant the relief requested. *Kaufman* v. *Newburgh Heights, supra; Standard Oil Co.* v. *Warrensville Heights, supra; Van Curen* v. *Mayfield, supra.*

A vain act is defined in the context of lack of authority to grant administrative relief and not in the sense of lack of probability that the application for administrative relief will be granted. Any unnecessary or unreasonable delay by the administrative agency in acting on the application will not be considered a basis for concluding that seeking administrative relief would be a vain act and thus permit the applicant to forego administrative procedures and maintain a declaratory judgment action. Proof in this regard is difficult, speculative and subjective. Also it could become a device for avoiding administrative relief and would result in trial courts deciding matters which should be decided in the first instance by the administrative agency.

The applicant must rely on self-help in the event that the administrative agency does not act upon the application for administrative relief within the time requirements of the ordinance, or if there are no time requirements, within a reasonable period of time. He can do this by maintaining a mandamus action forcing the administrative agency to rule or act on his application. This he can do whenever

the administrtive agency has a clear duty to act on the application and the applicant does not have an adequate remedy at law. *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141. A mandamus action in this regard is distinguished from a mandamus action in which the applicant wants the court rather than the administrative agency to grant the ultimate relief. Under these circumstances a mandamus action cannot be maintained when there is an adequate administrative remedy. *State, ex. rel. Lieux,* v. *Village of Westlake* (1951), 154 Ohio St. 412. *See Killeen Realty Co.* v. *City of East Cleveland, supra; State, ex rel. Humble Oil & Refining Co.,* v. *City of Marion* (1965), 4 Ohio App. 2d 178. But a mandamus action can be used to force the administrative agency to take some action on the application. The administrative agency cannot refuse to act or delay acting for an unreasonable length of time.

If mandamus were not available under these circumstances then a declaratory judgment action would be appropriate. *Dollison* v. *Reddy* (1978), 55 Ohio St. 2d 59; *State, ex rel. Bennett,* v. *Lime* (1978), 55 Ohio St. 2d 62; *State, ex rel. Pressley,* v. *Indus. Comm., supra.*

Lastly, when the administrative agency acts by either granting or denying the relief requested the applicant has further remedies available. If the application for administrative relief is granted, the applicant has obtained the relief sought and the matter concluded. If the application is denied, he has available an appeal under R. C. Chapter 2506 in which he can attack the administrative denial as an abuse of discretion and/or he may attack the ordinance as unconstitutional. *Mobil Oil Corp.* v. *Rocky River* (1974), 38 Ohio St. 2d 23.

The second assignment of error is concerned with the refusal of the trial court to grant a continuance to the appellant for further discovery or to delay ruling on the motion for summary judgment until the appellant could complete its discovery.

Civ. R. 56 affords a party a mechanism whereby it can seek deferral of action on a motion for summary judgment so that it may obtain affidavits opposing the motion or con-

duct discovery relevant to it. Civ. R. 56(F). Civ. R. 56(F) requires the opposing party to submit affidavits with sufficient reasons stating why it cannot present by affidavit facts sufficient to justify its opposition. Mere allegations requesting a continuance or deferral of action for the purpose of discovery are not sufficient reasons why a party cannot present affidavits in opposition to the motion for summary judgment. There must be a factual basis stated and reasons given why it cannot present facts essential to its opposition to the motion. If this is done, the trial court has several alternatives. It may refuse the application for summary judgment; it may order a continuance to permit affidavits to be obtained in opposition to the motion for summary judgment; it may grant a continuance for further discovery; or it may make such other order as is just. These are all within the trial court's discretion and are not mandatory. Civ. R. 56(F).

We must then determine if appellant's affidavit states sufficient reasons why appellant cannot submit affidavits to justify its opposition to the motion for summary judgment.

The motion to continue the hearing and defer ruling states that the appellant wants to complete discovery and determine what the City of Pepper Pike will do in reference to its application for a variance. In an attached memorandum appellant states that a number of additional facts in opposition to the granting of the motion for summary judgment can only be secured and incorporated in an affidavit after the City of Pepper Pike has ruled on appellant's application for variance, and after appellant has had an opportunity to complete discovery to ascertain the nature and extent of the City's opposition to the granting of the variance requested.

This motion and memorandum in effect state that appellant wants a continuance of the hearing and a deferral of action on the motion for summary judgment in order to get a determination from the Planning Commission on the variance. This is not a sufficiently stated reason under Civ. R. 56(F) to secure deferral of action on a motion for summary judgment. First, the motion and accompany-

ing memorandum are not in affidavit form. Next, appellant concededly states that it can only file opposing affidavits to the motion for summary judgment after the City of Pepper Pike has ruled on its application for a variance. If the City does in fact rule on appellant's application for a variance, it will moot the issues in this case. If the ruling is adverse to appellant, it may take an appeal to the Common Pleas Court under R. C. Chapter 2506 on the basis of abuse of discretion in denying the variance and/or it can attack the constitutionality of the zoning ordinance. *See Mobil Oil Corp.* v. *Rocky River, supra.* If the ruling is favorable, appellant obtained the relief sought.

Also attached to the motion for deferral of action is the affidavit of Emanuel H. Hecht. In this affidavit he states that the administration of Mayor Edgar Parks made no secret of its opposition to the building of residential homes in said center strip and that opposition was also forthcoming from Richard R. Hollington, counsel for the appellee. This opposition was reflected in a number of newspaper articles which were attached as Exhibits A through G and incorporated in the affidavit.

In substance the newspaper articles were straight factual reporting of the events concerning the Supreme Court case of *Gates Mills Investment Co.* v. *Pepper Pike, supra.* In addition there were some direct quotations from Mayor Edgar Parks, Special Counsel Richard Hollington and Law Director Martin Wegman in the Cleveland Press and Cleveland Plain Dealer of February 3 and 5, 1971, and July 22, 1971, as follows.

Mr. Hollington's direct quotations were: "The filing of the subdivision plat really doesn't mean anything. They can file any plat they want, but they can't build." The article then read that Hollington stated that there is little chance that a zoning variance will be granted and that the firm will have to go to court to challenge the validity of the zoning.

The quotation of Mayor Edgar Parks was as follows: "I am greatly disappointed at this decision. This is a ridiculous use of the land and it is unfair to those people living nearby."

The quotation attributable to Law Director Martin Wegman was: "It's pretty obvious that if Gates Mills Investment wants to subdivide the land they will have to take it to court. Village officials have stated they do not think houses were quite appropriate for that area."

The foregoing were the only direct quotations from the three public officials.

Mayor Edgar Parks was one member of the five-member Planning Commission, while Special Counsel Hollington and Law Director Wegman were not on the Planning Commission.

The newspaper articles contained mere quotations from public officials of the City of Pepper Pike concerning the general subject of the proposed subdivision and the granting of a variance and are not binding on the Planning Commission of the City of Pepper Pike. They are in fact irrelevant to the issue and are not supportive of a factual basis as to why the appellant cannot submit affidavits in opposition to the motion for summary judgment and they are not sufficient to demonstrate that seeking the administrative relief by way of a variance would be a vain or onerous act. At best it is the view of these three public officials that the Planning Commission would not grant a variance and that appellant would have to take an appeal to the Common Pleas Court under R. C. Chapter 2506.

Public statements by public officials as to their personal attitudes on certain issues are neither proof nor evidence of how an administrative agency would act. It is not uncommon for public officials to make public pronouncements on one side of an issue and then vote the opposite way. Public statements by public officials who have no authority to act on a subject clearly do not support the proposition that it would be a vain or onerous act to seek administrative relief.

It is noted that the basis for appellee's motion for summary judgment is that there is no genuine issue as to appellant's failure to exhaust its administrative remedies. Appellant is seeking deferral of action on the motion for summary judgment in order to present counter-affidavits which would demonstrate that to seek administrative relief

would be a vain or onerous act. As stated earlier, nowhere has appellant stated by affidavit sufficient reasons why it cannot establish facts essential to its opposition to the motion. Furthermore, appellant's reliance on the fact that the atmosphere in the City of Pepper Pike is hostile to it is not a sufficient basis to demonstrate that to seek the administrative remedy would be a vain or onerous act. The purpose behind appellant's motion for deferral of action on the motion for summary judgment is to collect evidence of appellee's hostile attitude towards the granting of a variance. Since such evidence is irrelevant to the issue of a vain or onerous act, it would be pointless to grant appellant's motion since such facts would not be essential to any opposition presented by appellant to the motion for summary judgment.

Therefore, the trial court did not commit error in overruling the motion to defer action on the motion for summary judgment. The second assignment of error is not well taken.

In the third assignment of error the appellant challenges the trial court's granting the motion for summary judgment. In ruling on this motion the trial court had before it the answers to the interrogatories, the affidavit of appellee's Law Director, Robert Musser, and the affidavits of appellant's counsel, Mr. Rini and Mr. Hecht, together with the exhibits. All of this material was previously discussed except the affidavit of Mr. Rini which was filed in opposition to the motion for summary judgment on July 20, 1976.

In his affidavit Mr. Rini alleged that the appellant did apply for a variance to the Planning Commission and it has not been granted;[8] that the variance procedure as ap-

---

[8] When the appellant filed an application for a variance with the appellee's Planning Commission at the same time the declaratory judgment action was pending it placed itself in the position of seeking similar relief from the Planning Commission and from the court. Because it has not been raised by the parties, and because of the manner in which we are disposing of this appeal, we will not address any issues that may arise from these facts.

plied to appellant has been burdensome, particularly because of unwarranted delays and continuances; and that the continuance was requested by appellee's Director of Law.[9]

It is also noted that the appellee did not answer the second set of interrogatories submitted to it by the appellant before the trial court granted the motion for summary judgment. This is not prejudicial error because the questions asked related to the previously referred to newspaper articles as well as to any action to be taken by the Planning Commission on the variance. These questions were cumulative of those previously asked and to the issues raised in the motion for continuance of the hearing or deferral of action on the motion for summary judgment. Also, they are not relevant to the issues of exhaustion of administrative remedies and whether the seeking of administrative relief would be a vain or onerous act.

The appellee raised the affirmative defense of failure of the appellant to exhaust its administrative remedies and the appellant has countered by contending that to seek the administrative remedy would be an onerous or a vain act. When these preliminary issues are raised in a declaratory judgment action attacking the constitutionality of a zoning ordinance a trial court must decide them before reaching the merits of a case. If the trial court decides that there is a serviceable administrative remedy it should dismiss the declaratory judgment action. If the trial court decides that it would be a vain or onerous act for the appellant to seek administrative relief it will then decide the merits of the case.

The issues decided by the trial court were whether there was a genuine issue of material fact and whether the appellee was entitled to judgment as a matter of law.

When the trial court granted appellee's motion for summary judgment, it in effect concluded that the appel-

---

[9]The affidavit did not state when the application for a variance was filed, how long this application has been pending and the number of continuances that were requested by the appellee and granted by the Planning Commission.

lant had available to it an adequate and serviceable administrative remedy and that seeking such remedy would not constitute a vain or onerous act.

We agree with the trial court's conclusion. The trial court was correct in granting the motion for summary judgment.

The material submitted by the appellee clearly demonstrates that there is no genuine issue of material fact concerning the variance process of the appellee. It provides a serviceable remedy by simple application and the Planning Commission does have authority to grant variances to appellant to use its property for single family homes. In reviewing the material submitted by appellant it is our conclusion that it presented no evidence which would support its argument that to seek a variance would be a vain or onerous act.

We agree with the trial court's conclusion that there was no genuine issue as to any material fact; that the appellant had available to it an adequate administrative remedy; and that seeking relief by way of such remedy would not be a vain or onerous act and that the appellant was entitled to judgment as a matter of law.

The third assignment of error is not well taken.

However, because this case was decided on preliminary issues and not on the merits, the trial court should have dismissed the complaint rather than entered judgment for the appellee.

Therefore, the trial court's judgment is modified to read: "Defendant's motion for summary judgment granted for plaintiff's failure to exhaust its administrative remedies. Complaint dismissed at plaintiff's costs." The judgment is affirmed as modified.

*Judgment affirmed as modified.*

STILLMAN, J., concurs.
PRYATEL, J., concurs in the judgment only.