JOURNAL ENTRY AND OPINION
Defendant-appellant, Lawrence Kaigler et al. ("defendant"), appeals the decision of the trial court granting summary judgment in this foreclosure action in favor of plaintiff-appellee Charter One Bank, F.S.B. ("bank") and appellee State of Ohio Revenue Recovery ("ORR").
The record reveals that on June 30, 1987, defendant executed an "OPEN-END MORTGAGE" in the amount of $110,000 with First Federal Savings Bank, now known as Charter One Bank. The note was secured by a mortgage on premises owned by defendant in Bratenahl, Ohio. The note was payable over a period of thirty years in monthly installments of $930.68.
In May 1990 the defendant and the bank entered into a "MORTGAGE LOAN MODIFICATION AND EXTENSION AGREEMENT." This agreement simply reduced defendant's monthly payment to $527.04 as a result of defendant paying principal prematurely.
In September 1994 defendant alleged the Ohio Department of Transportation ("ODOT"), while erecting a wall adjacent to his property, damaged his sewer line. Initially, ODOT denied damaging defendant's sewer line. Defendant defaulted on the loan beginning in June 1996. On September 4, 1996, defendant sent the bank a letter informing it he had been unsuccessfful in negotiating with ODOT with regard to repairing the sewer line. Defendant also asked the bank for assistance in the matter because the consequence of not repairing the sewer line could result in his abandoning the property.
In August 1997 the bank filed a foreclosure action against defendant and ORR. The bank claimed defendant had not made any mortgage payments since June 12, 1996, and still owed $59,274.48 at an annual interest rate of 9.5%. The trial court referred the matter to a magistrate to try the issues of law and fact. Subsequently, defendant filed an answer and argued the damage to the sewer line by ODOT discharged his duty to perform under the loan. Defendant claimed he put the bank on notice as to the event, but the bank took no action. Defendant counterclaimed against the bank based on its failure to assist him in protecting the bank's security interest in the property and claimed as damages $3,000 in sewer removal costs and $8,000 in legal fees. Defendant also cross-claimed against ORR contending ORR improperly taxed and evaluated the premises at its ordinary tax value despite the fact that the premises had been severely depreciated by the damage to the sewer line. In September 1997 ODOT repaired the sewer line on defendant's property.
In response to the counterclaim, the bank filed a reply denying all of defendant's allegations. Subsequently, the bank filed a motion for summary judgment claiming there were no genuine issues of material fact as defendant had simply defaulted on the loan. The bank also stated defendant's argument that it had failed to assist defendant in protecting the property was without merit. The bank argued it had no obligation to protect the mortgaged premises and any duty that did arise was unilateral in nature and at its discretion.
Over the objections of defendant, the trial court partially granted plaintiff's motion for summary judgment. On July 23, 1998, the magistrate issued its decision finding that defendant owed the bank $59,274.48. The magistrate also found that defendant owed the Cuyahoga County Treasurer real estate taxes, penalties, and interest, the value of which would be determined prospectively. The magistrate concluded by stating both of the arrearages would be satisfied from the proceeds of the sale of defendant's premises at a Sheriff's Sale. Defendant filed objections to the magistrate's decision. The trial court overruled defendant's objections and adopted the decision of the magistrate. Defendant timely filed his notice of appeal and now presents four, pro se, assignments of error.
In his first assignment of error, defendant states as follows:
 I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT UPON THE COMPLAINT.
Defendant argues the trial court erred in granting the bank's motion for summary judgment as there were genuine issues of material fact based on: (1) the modification agreement allowed him to waive making monthly payments as long as the balance owed on the overall obligation was not in arrears, (2) the bank never proved he was in default, and (3) the ODOT damage rendering the sewer line inoperable superseded the loan agreement because the parties contracted based on the continued existence of the sewer line.
Summary judgment is proper when, looking at the evidence as a whole, (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party. Civ.R. 56(C); Horton v. Harwick Chemical Corp. (1995), 73 Ohio St.3d 679,686-687. To make this showing, the initial burden lies with the movant to inform the trial court of the basis for the motion and identify those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293.
First, defendant argues the modification agreement allowed him to waive making monthly payments as long as the balance owed on the overall obligation was not in arrears. Defendant does not specifically refer to which part of the modification supports this proposition. He simply states the modification agreement "reflected new agreements between the parties as to the maturity of the obligation and the amount of payment on principle."
Our review of the modification agreement shows the only change to the mortgage loan and promissory note was the amount due each month. In the mortgage loan, defendant owed $930.68 per month; but as a result of the modification, defendant owed $527.04 per month. The maturity date of August 2017 remained the same after the modification of the mortgage and promissory note. In addition, there are no terms in the modification which substantiate defendant's argument that he no longer had to make payments on the mortgage loan and promissory note. The modification simply memorialized the fact that defendant had paid off a large part of the mortgage loan prematurely and as a result wanted to reduce his monthly payments.
Second, defendant argues the bank never proved he was in default. This argument is without merit. In its motion for summary judgment, the bank attached the mortgage loan and promissory note and the affidavit of its foreclosure supervisor who averred defendant's last payment was made on June 12, 1996, and thus defendant had not made a mortgage payment in fourteen months. We find this is persuasive evidence that defendant was in default.
Third, defendant claimed the ODOT damage rendering the sewer line inoperable superseded the loan agreement because the parties contracted based on the continued existence of the sewer line. Again defendant does not refer to any specific portions of the mortgage loan agreement, the promissory note, or the modification agreement which supports his argument. Our review of these three documents does not reveal any clauses or covenants which allow defendant to stop making loan payments based on his sewer line being damaged.
Accordingly, we find there were no genuine issues of material fact and trial court did not err in granting the bank's motion for summary judgment.
Defendant's second assignment of error states as follows:
 II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT DISMISSING THE COUNTERCLAIM.
Defendant argues the trial court erred in dismissing his counterclaim because the bank took no action, though it had notice of the damage to the sewer line, to reduce the mortgage or protect the premises. In support, defendant cites to paragraph 9 of the mortgage which he claims establishes a duty on behalf of the bank "to reduce the sum secured by the instrument in the event of a partial taking of the property." He claims the bank was required to protect him as an act of good faith to insure the property was not wasted or depreciated. Lastly, defendant contends the bank instituted foreclosure proceedings in bad faith as it waited until after ODOT repaired the property before filing the foreclosure complaint.
Paragraph 9 of the mortgage loan states:
 "9. Condemnation. The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to lender.
 In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with excess paid to the Borrower. In the event of a partial taking of the Property, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the taking, divided by (b) the fair market value of the Property immediately before the taking. Any balance shall be paid to Borrower.
 If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due.
 Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraph 1 and 2 or change the amount of such payments."
A review of the foregoing paragraph fails to establish the bank had a duty to protect the property from waste or depreciation. The paragraph makes no mention of the bank having to act in good faith to protect defendant or his premises. This paragraph simply states the bank's options if the "Property" is condemned, taken, or abandoned. In addition, our review of the other provisions of the mortgage loan does not reveal the bank had a duty or obligation to act in good faith to protect the property. The bank's foreclosure action was simply the result of the bank enforcing its contractual right to possession of the premises based on defendant defaulting on the mortgage loan. Ohio courts have uniformly found that a lender does not act in "bad faith" when it decides to enforce its contract rights. Metro. Life Ins.Co. v. Triskett Illinois, Inc. (1994), 97 Ohio App.3d 228.
Defendant also argues the bank breached a duty of good faith because it did not foreclose on the property when it was damaged but rather it waited until ODOT had repaired the damage to foreclose. The bank was under no contractual duty to foreclose on defendant's premises before ODOT repaired the damage. The right to foreclose was at the bank's option and it could exercise this option at its own discretion. Moreover, the bank waiting to foreclose on the premises until after ODOT made the repairs arguably benefitted the defendant, because it provided defendant with additional time to satisfy his arrearage. We find no evidence that the bank breached a duty of good faith in waiting to foreclose on defendant's property. Accordingly, the trial court did not err in dismissing defendant's counterclaim. Therefore, defendant's second assignment of error is overruled.
Defendant's third assignment of error states as follows:
 III. THE TRIAL COURT ERRED IN DISMISSING THE CO-PARTY CROSS-CLAIM AGAINST DEFENDANT STATE OF OHIO.
Defendant argues the trial court erred in dismissing his cross-claim against ORR. In support, defendant claims ORR failed to answer the cross-claim and the allegations of miscalculating the tax rate. He also contends the ORR failed to file a motion for summary judgment or reply to his motion in opposition to plaintiff's motion for summary judgment. Defendant maintains these failures to respond offend Civ.R. 7(A) and 8(D) and, as such, act as admissions thus proving the allegations in his cross-claim.
First, the record demonstrates that the ORR responded to the bank's complaint by filing an answer. In its answer the ORR stated it would stand on its pleadings in this case. Subsequently, defendant answered the bank's complaint and filed a counterclaim against the bank and cross-claim against the ORR. The bank then answered both defendant's counterclaim and cross-claim. Therefore, defendant's argument that his cross-claim was not answered is erroneous and Civ.R. 7(A) and 8(D) were not contravened.
Second, there is no rule requiring a party to file a motion for summary judgment or respond to a motion in opposition to summary judgment. Thus, defendant's argument that the ORR failed to file a motion for summary judgment or respond to his motion in opposition to summary judgment is unpersuasive. Defendant's third assignment of error is overruled.
Defendant's fourth assignment of error states as follows:
IV. THE TRIAL COURT ERRED IN ADOPTING THE MAGISTRATE'S DECISION.
Defendant argues the trial court erred in adopting the magistrate's decision because the magistrate failed to recognize that there was a counterclaim for bad faith, costs, and reasonable expenses in protecting the premises. He claims the magistrate ignored the defect in the assessment of property taxes. In addition, defendant contends the trial court erred in failing to hold a hearing or pretrial in order to hear evidence on payment or nonpayment of the obliging note or evidence as to his equitable defenses. Lastly, defendant maintains the magistrate made no independent factual findings but instead relied on the proposed magistrate's decision submitted by the bank.
A review of the magistrate's decision shows the magistrate based her decision on the "the Answer, Counterclaim, and Cross-claim" of defendant. Thus, the magistrate did consider defendant's counterclaim. Also, throughout the magistrate's decision, the magistrate referred to the delinquent taxes on the premises on numerous occasions and, at the end of her decision, ordered the taxes to be paid out of the proceeds gained from the Sheriff's sale of the premises. This indicates the magistrate considered the tax issues but simply found against defendant. Simply because the magistrate did not rule in favor of defendant does not mean she did not consider defendant's arguments as to the calculation of the taxes. Thus, it is apparent from the magistrate's decision that the magistrate considered the tax issues in great detail.
Moreover, defendant complains the trial court erred by failing to hold a pretrial or hearing on the issue of payment or nonpayment of the obliging note or evidence as to his equitable defenses. The record shows defendant had the opportunity to present his defenses and arguments on these issues by answering the complaint, filing a motion in opposition to summary judgment, and filing objections to the magistrate's decision. Moreover, there is nothing in the record indicating defendant requested a hearing, and an oral hearing is not required for every summary judgment motion. Gates Mills Investment Co. v. Pepper Pike
(1978). 59 Ohio App.2d 155, 164.
Lastly, defendant complains the magistrate erred by accepting the proposed magistrate's decision submitted by the bank rather than make independent findings. Defendant cites no authority which precludes a magistrate from adopting a proposed decision and we can find no authority which supports this argument. Also, a review of the magistrate's decision shows the magistrate did not just blindly adopt the proposed decision. The magistrate made changes and modifications to the proposed decision before issuing it. Plus, Loc.R. 19 of the Court of Common Pleas of Cuyahoga County, General Division allows a party to submit a journal entry to the court for approval and filing. Based on the foregoing, defendant's fourth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J. and ANNE L. KILBANE, J. CONCUR.
 _____________________ JOHN T. PATTON, JUDGE