OPINION
{¶ 1} Appellant Betty Schmidt, Executrix of the Estate of William Schmidt, et al., ("Appellant") appeals the decision of the Stark County Court of Common Pleas that granted summary judgment in favor of Appellee Dana Corporation, Appellee Garlock Sealing Technologies, LLC ("Garlock"), Appellee Lincoln Electric Company ("Lincoln Electric") and Appellee Industrial Holdings Corporation ("Industrial Holdings"). The following facts give rise to this appeal.
 {¶ 2} During his lifetime, the decedent, William Schmidt, Sr., worked at Republic Steel as a meter reader, from 1952 until 1958. From 1959 until 1993, the decedent worked at J L Specialty Steel ("J L") as a laborer, slitter operator and maintenance worker. In June 2002, as a result of alleged exposure to asbestos products during his employment, appellant filed a complaint against numerous defendants, including Appellees Dana Corporation, Garlock, Lincoln Electric and Industrial Holdings. Appellant's complaint is based upon negligence and product liability. In her complaint, appellant alleges the decedent, William Schmidt, Sr., sustained injuries and died due to his exposure to asbestos-containing products manufactured by appellees.
 {¶ 3} Appellees filed individual motions for summary judgment. In their motions for summary judgment, appellees alleged appellant was unable to establish the decedent's exposure to their products and/or that such products were a substantial factor causing the decedent's injuries and death. In response to appellees' motions for summary judgment, appellant relied upon her own deposition testimony and the deposition testimony of the decedent's co-workers, James Renshaw and Dale Kaiser. In November 2003, the trial court granted appellees' motions for summary judgment. The trial court concluded that appellant failed to demonstrate the decedent was exposed to any asbestos-containing products manufactured by appellees and/or that appellant failed to provide evidence sufficient to meet the substantial factor burden set forth in Horton v. Harwick Chemical Corp.,73 Ohio St.3d 679, 1995-Ohio-286.
 {¶ 4} Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 5} "I. The trial court erred when it granted summary judgment dismissing plaintiff-appellant's complaint as to Defendant (SIC)-Appellees prematurely for lack of causation.
 {¶ 6} "II. The trial court erred when it granted summary judgment dismissing Plaintiff-appellant's complaint as to Defendant (SIC)-Appellees as genuine issues of material fact exist."
 "Summary Judgment Standard" {¶ 7} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 {¶ 8} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *"
 {¶ 9} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421,429, 1997-Ohio-259, citing Dresher v. Burt, (1996),75 Ohio St.3d 280.
 {¶ 10} It is based upon this standard that we review appellant's assignments of error.
 I {¶ 11} In her First Assignment of Error, appellant contends the trial court erred when it prematurely granted appellees' motions for summary judgment on the issue of causation. We disagree.
 {¶ 12} Specifically, appellant argues the trial court did not follow its own case management order when it granted appellees' motions for summary judgment, on the issue of causation, because appellees did not file motions for summary judgment on the issue of causation and the time period to respond to causation arguments, according to the case management order, had not expired. Pursuant to the case management order, motions for summary judgment, on product identification issues, were to be filed by August 15, 2003. Motions for summary judgment, on all issues other than product identification, were to be filed by November 3, 2003.
 {¶ 13} Appellant claims the trial court prematurely granted summary judgment, on the issue of causation, under the case management order. Appellant also argues appellees' motions do not seek summary judgment based on the issue of causation. Instead, appellant maintains appellees sought summary judgment solely on the issue of product identification.
 {¶ 14} We begin our analysis of this assignment of error by noting the trial court granted summary judgment, to Appellees Dana Corporation and Lincoln Electric, on the issue of product identification. As to Dana Corporation, the trial court found:
 {¶ 15} "* * * Although Plaintiff cites to various pages in the deposition testimony of Mr. Renshaw as evidence that Dana gaskets were used at J L Steel during the applicable time period, the Court has reviewed the cited testimony and finds no reference to Dana Corporation."
 "* * * {¶ 16} "A review of the evidence presented by Plaintiff reveals that Plaintiff has failed to meet her burden in that she has provided no evidence that the decedent was exposed to an asbestos containing product manufactured by Dana Corporation, * * *." Judgment Entry, Nov. 10, 2003, at 5.
 {¶ 17} The trial court also concluded appellant did not meet her burden regarding the issue of product identification as it pertains to Lincoln Electric. The trial court stated, in its judgment entry granting Lincoln Electric's motion for summary judgment:
 {¶ 18} "* * * The Court finds that Lincoln has met this burden by citing the deposition testimony of co-worker, James Renshaw, and noting that Mr. Renshaw did not testify that Plaintiff's decedent was ever exposed to any asbestos-containing product manufactured by Lincoln.
 "* * * {¶ 19} "Mr. Renshaw testifies that Lincoln welding rods were present at the J L facility where he worked. (Renshaw Depo. at 30-34) He further testifies that the products were marked with a warning that such products may contain carcinogens. (Renshaw Depo. at 33) Mr. Renshaw does not, however, testify with regard to dust produced or released by the products. Nor does he testify with regard to any exposure to such product by Plaintiff's decedent." Nunc Pro Tunc Judgment Entry, Nov. 18, 2003, at 4.
 {¶ 20} Clearly, as to Dana Corporation and Lincoln Electric, the trial court concluded there was no evidence that appellant's decedent was ever exposed to asbestos-containing products manufactured by either Dana Corporation or Lincoln Electric. However, as to Industrial Holdings and Garlock, the trial court specifically found that a question of material fact exists regarding the issue of product identification and proceeded to address the issue of causation. See Judgment Entry granting Industrial Holdings' motion for summary judgment, Nov. 10, 2003, at 5 and Judgment Entry granting Garlock's motion for summary judgment, Nov. 10, 2003, at 4.
 {¶ 21} Appellant claims the trial court prematurely addressed the issue of causation. Although the case management order provided otherwise, Industrial Holdings' and Garlock's motions for summary judgment did address the issue of causation. Appellant attempted to respond to the causation issue by submitting the affidavit of Dr. Edward Holstein that supports a fiber drift theory. Appellant did not seek a continuance, pursuant to Civ.R. 56(F), in order to submit supporting affidavits regarding the issue of causation.
 {¶ 22} "Pursuant to Civ.R. 56(F), a party opposing a motion for summary judgment may obtain a continuance pursuant to Civ.R. 56(F) by submitting affidavits which state a factual basis and which provide sufficient reasons for the lack of supporting affidavits and the need for additional time to permit affidavits to be obtained or further discovery to be had. Gates MillsInvest. Co. v. Pepper Pike (1978), 59 Ohio App.2d 155, 168-169. A trial court has discretion to grant or deny a request for a continuance pursuant to Civ.R. 56(F), and its decision will not be overruled absent an abuse of discretion. [Citation omitted.]Coleman v. Cleveland School Dist. Bd. of Educ., Cuyahoga App. Nos. 84274, 84505, 2004-Ohio-5854, at ¶ 20.
 {¶ 23} In the case sub judice, appellant attempted to address the issue of causation. If appellant believed appellees prematurely raised the issue of causation, in their respective motions for summary judgment, appellant could have requested a continuance, under Civ.R. 56(F), in order to submit affidavits to support her claims. However, appellant failed to do so. Therefore, we conclude appellant waived this issue for purposes of appeal by not first seeking relief in the trial court.
 {¶ 24} Appellant's First Assignment of Error is overruled.
 II {¶ 25} Appellant maintains, in her Second Assignment of Error, the trial court erred when it granted summary judgment to each of the appellees because genuine issues of material fact exist. We disagree.
 {¶ 26} The leading case, in Ohio, regarding asbestos litigation is Horton, supra. In Horton, the Ohio Supreme Court held as follows concerning the issues of exposure, causation and summary judgment in asbestos cases:
 {¶ 27} "1. For each defendant in a multidefendant asbestos case, the plaintiff has the burden of proving exposure to the defendant's product and that the product was a substantial factor in causing the plaintiff's injury.
 {¶ 28} "2. A plaintiff need not prove that he was exposed to a specific product on a regular basis over some extended period of time in close proximity to where the plaintiff actually worked in order to prove that the product was a substantial factor in causing his injury. (Lohrmann v. Pittsburgh Corning Corp.
[C.A.4, 782 F.2d 1156, disapproved.]
 {¶ 29} "3. Summary judgment is proper in an asbestos case in the same circumstances as in any other case, i.e., when, looking at the evidence as a whole, (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party." Horton at paragraphs one, two and three of the syllabus.
 {¶ 30} The Court adopted the definition of "substantial factor" contained in Restatement of the Law 2d, Torts (1965), Section 431, Comment a. This definition provides:
 {¶ 31} "The word `substantial' is used to denote the fact that the defendant's conduct has such an effect in producing the harm as to lead reasonable men to regard it as a cause, using that word in a popular sense, in which there always lurks the idea of responsibility, rather than the so-called `philosophical sense,' which includes every one of the great number of events without which any happening would not have occurred."
 {¶ 32} As in appellant's brief, we will address the granting of summary judgment as it pertains to each appellee.
A. Industrial Holdings
 {¶ 33} The trial court granted Industrial Holdings' motion for summary judgment on the basis that appellant failed to present evidence that an Industrial Holdings' product was a substantial factor in causing the decedent's injury and subsequent death. Judgment Entry, Nov. 10, 2003, at 6.
 {¶ 34} On appeal, appellant relies upon the affidavit of Dr. Edward Holstein to establish that exposure to Industrial Holdings' asbestos-containing products was a substantial factor in the decedent's injuries and resulting death. Dr. Holstein's affidavit sets forth a generic fiber drift theory. The trial court struck Dr. Holstein's affidavit and refused to rely upon it for the following reasons:
 {¶ 35} "Plaintiff offers a copy of the 1985 affidavit of Dr. Edward Holstein. The Court cannot find where the original affidavit has been offered for evidence in this case. Further, the affidavit is void of any specifics with regard to Mr. Schmidt or the JL Steel facility, in that it was issued almost 18 years prior to the commencement of the instant lawsuit. Plaintiff is asking this Court to make a giant leap from the testimony of Mr. Renshaw to the generic fiber drift theory of Dr. Holstein in proposing that the same constitutes `evidence' that an Industrial Holdings product was a substantial factor in causing Plaintiff's decedent's injuries. This Court is unwilling to jump to such a conclusion based upon the evidence presented." Judgment Entry, Nov. 10, 2003, at 5.
 {¶ 36} Without Dr. Holstein's affidavit, appellant's offer of proof regarding the issue of causation is deficient. Further, appellant did not avail herself of Civ.R. 56(F) in order to submit additional affidavits on the issue of causation. Nor has appellant appealed the trial court's decision to strike Dr. Holstein's affidavit. Accordingly, the trial court properly granted Industrial Holdings' motion for summary judgment on the issue of causation.
B. Garlock
 {¶ 37} The trial court granted Garlock's motion for summary judgment because there was no evidence of the decedent's exposure to an asbestos-containing product attributable to Garlock and therefore, no evidence that any alleged exposure was a substantial factor in causing the decedent's injuries and subsequent death. Judgment Entry, Nov. 10, 2003, at 5.
 {¶ 38} Appellant maintains James Renshaw testified, at his deposition, that he observed appellant working with Garlock gaskets and packing material. However, Mr. Renshaw also admitted that he did not know whether the Garlock gaskets contained asbestos. Depo. James Renshaw at 92.
 {¶ 39} We conclude the trial court properly granted summary judgment on the issue of causation because appellant failed to present any evidence that Garlock's products contained asbestos. Appellant also failed to present evidence regarding the release of fibers, the size of the facility or the extent of the decedent's exposure to Garlock's products.
C. Dana Corporation
 {¶ 40} The trial court granted Dana Corporation's motion for summary judgment on the basis that appellant failed to present evidence that the decedent was ever exposed to an asbestos-containing product manufactured by Dana Corporation.
 {¶ 41} Appellant argues on appeal that the deposition testimony of James Renshaw and Dale Kaiser establish that appellant worked with asbestos-containing products manufactured by Dana Corporation. Specifically, appellant argues, "[r]easonable minds could conclude that because there was other gasket material available, that Victor gaskets (manufactured by Dana Corporation) were available, and that since the gasket material was of a heat resistant quality, that it contained asbestos. This raises a genuine issue of fact as to whether Mr. Schmidt was exposed to any asbestos-containing Dana products." Appellant's Brief at page 14.
 {¶ 42} We decline to make such an assumption where the depositions contain no evidence of the decedent's actual exposure to an asbestos-containing product manufactured by Dana Corporation. Absent any exposure, the trial court properly concluded that appellant also cannot establish causation. Accordingly, the trial court properly granted Dana Corporation's motion for summary judgment.
D. Lincoln Electric
 {¶ 43} The trial court granted Lincoln Electric's motion for summary judgment concluding that appellant failed to present evidence that the decedent was ever exposed to asbestos-containing products manufacture by Lincoln Electric.
 {¶ 44} In response, appellant cites the deposition testimony of James Renshaw. Mr. Renshaw testified that Lincoln Electric provided welding rods while he was employed at J L. A review of the record indicates this testimony was not presented in the case sub judice, but instead presented in another case in which the decedent is not involved. In fact, Mr. Renshaw never mentioned welding rods from Lincoln Electric in the case sub judice. Appellant also relies upon the affidavit of Dr. Holstein, which the trial court struck.
 {¶ 45} Therefore, we conclude the trial court properly granted Lincoln Electric's motion for summary judgment because there was no evidence presented that the decedent was exposed to asbestos-containing products manufactured by Lincoln Electric.
 {¶ 46} Based upon the above analysis, we conclude the trial court did not err when it granted appellees' motions for summary judgment.
 {¶ 47} Appellant's Second Assignment of Error is overruled.
 {¶ 48} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Wise, J., Gwin, P.J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs assessed to Appellant.