JOURNAL ENTRY AND OPINION
{¶ 1} The Accent Group appeals from an order of the trial court granting summary judgment in favor of the Village of North Randall ("the Village"). It claims that the zoning ordinance at issue is unconstitutional and that the ordinance's application amounts to a regulatory taking of the subject property. We affirm.
 {¶ 2} A complete statement of the facts was set forth by this Court inAccent Group, Inc. v. Village of North Randall,[1] Cuyahoga App. No. 83274, 2004-Ohio-1455.
"In 1996, Accent Group purchased real property in the Village of North Randall and operated an automobile electronics and customization business in a building located on the property. Accent Group alleges that it spent over $760,000 in improvements to convert this building into a showroom and automobile accessory installation area. In 1999, Accent Group ceased operations and began attempts to lease the building.On February 27, 2001, Accent Group filed a complaint for declaratory judgment alleging that North Randall arbitrarily and capriciously denied occupancy permits to three potential tenants, which caused it to lose substantial revenues. Accent Group also alleged that Village Zoning Code Chapter 1143, which prohibits automobile service and repair in the district in which Accent Group's property is located, is unconstitutional on its face and also amounts to an unconstitutional regulatory taking of its property because it renders the property without any economically viable use.On November 15, 2001, North Randall filed a motion for summary judgment arguing that the trial court lacked jurisdiction to hear the declaratory judgment action and that Chapter 1143 is constitutional in that Accent Group cannot assert a taking since it has not been deprived of all economic use of its property. On July 7, 2003,[2] the trial court granted North Randall's motion for summary judgment on the following grounds: `Pursuant to the Ohio Supreme Court's ruling in Karches v. Cincinnati (1988),38 Ohio St.3d 12, 17, 526 N.E.2d 1350, a declaratory action is ripe for the trial court's review only after the court determines an actual controversy. The Karches Court specifically held that `a prerequisite to a determination that an actual controversy exists in a declaratory judgment action is a final decision concerning the application of the zoning regulation to the specific property in question.' Id."Moreover, the Court shall consider whether or not the plaintiff in the action exhausted her administrative remedies, as failure to exhaust administrative remedies may be a valid defense available to the defendant. Id. A party need not exhaust the available administrative remedies in a declaratory action if any of the two exceptions exist: (1) if there is no administrative remedy available, Kaufman v. NewburghHeights (1971), 26 Ohio St.2d 217, 271 N.E.2d 280, or if resort to administrative remedies would be wholly futile, Glover v. St. Louis-SanFrancisco Ry. Co. (1969), 393 U.S. 324, 21 L.Ed.2d 519, 89 S.Ct. 548; or (2) when the available remedy through exhaustion of administrative remedies is onerous or unusually expensive. Gates Mills Investment Co.v. Pepper Pike (1975), 44 Ohio St.2d 73, 337 N.E.2d 777."In the instant suit, this Court declares that there is no final decision made by the Village regarding a permit or variance under the zoning code for this Court to review. Because the plaintiff never made an application to the Village, a final decision has not been rendered by the Village. Accordingly, this Court declares that an actual controversy does not exist. Additionally, this Court holds that neither of the two exceptions exist exempting Plaintiff from exhausting the administrative remedies. Thus, the Plaintiff's claim as to the constitutionality of the zoning ordinance is not ripe for this Court's review."As to the Plaintiff's taking claim, this Court holds that the Village is entitled to summary judgment as a matter of law. Ohio law has consistently held that a taking only occurs if an ordinance infringes upon a landowner's rights "to the point that there is no economically viable use of the land." GoldbergCos., Inc. v. Richmond Hts. City Council (1998), 81 Ohio St.3d 207, 1998
Ohio 456, 690 N.E.2d 510. The requirement of a landowner to have to obtain a permit to utilize his or her land in a certain way does not constitute a taking."Here, this Court is not faced with circumstances rising to the level of a taking. Based on the Plaintiff's failure to apply for a permit or variance, there is no way for this Court to make a determination that a portion of Plaintiff's property is no longer economically viable. Accordingly, this Court holds that Plaintiff's taking claim fails as a matter of law.'"
 {¶ 3} Following a review of this decision, this Court dismissed the appeal and remanded the case. We found that the trial court did not adequately address all of the parties' rights and obligations regarding the zoning ordinance and further failed to address the broad constitutional question of the ordinance's overall validity.
 {¶ 4} Following this second remand, the trial court found the ordinance constitutional and ruled that there was no relief available to Accent Group on any cause of action. Accent Group now appeals from this order, claiming error in the grant of summary judgment — both in upholding the constitutionality of the ordinance and on the issue of acts that amounted to a regulatory taking.
 {¶ 5} In its first assignment of error, Accent Group claims error in the grant of summary judgment on its declaratory judgment action. Accent Group sought a declaration that the zoning ordinance, on its face, was unconstitutional.
 {¶ 6} Appellate review of summary judgment is de novo. Village ofGrafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336. The Ohio Supreme Court set forth the appropriate test in Zivich v. MentorSoccer Club, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389, and held:
"Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law." (Citations omitted)
 {¶ 7} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Mootispaw v. Eckstein, 76 Ohio St.3d 383, 385, 1996-Ohio-389. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg, 65 Ohio St.3d 356, 358-359, 1992-Ohio-95.
 {¶ 8} The standard governing our review of the constitutionality of the City's residential zoning ordinance is set forth in Goldberg Co.,Inc. v. Richmond Hts. City Council (1998), 81 Ohio St.3d 207, 214, which held:
"[A] zoning regulation is presumed to be constitutional unless determined by a court to be clearly arbitrary and unreasonable and without substantial relation to the public health, safety, morals, or general welfare of the community. The burden of proof remains with the party challenging an ordinance's constitutionality and the standard of proof remains `beyond fair debate.'"
 {¶ 9} Our review begins with the presumption that the City's zoning ordinance is constitutional. Cent. Motors Corp. v. Pepper Pike (1995),73 Ohio St.3d 581, 583-584. Moreover, "a municipality may properly exercise its zoning authority to preserve the character of designated areas in order to promote the overall quality of life within the City's boundaries." Id. at 585. After the third potential tenant had been denied the requested zoning permit, Accent Group filed this action seeking a finding of the ordinance's unconstitutionality. In its most recent journal entry, the trial court found that under Karches v. City ofCincinnati, supra, a declaratory judgment action is ripe for review only
after the court determines that an actual controversy exists. (Emphasis added.) The trial court went on to find that it must also consider whether or not the party has exhausted its administrative remedies noting that a party need not exhaust its administrative remedies in a declaratory judgment action if there is no administrative remedy available, or when the available remedy through exhaustion of administrative remedies is onerous or unusually expensive. See Kaufmanv. Newburgh Heights (1971), 26 Ohio St.2d 217 and Gates Mills InvestmentCo. v. Pepper Pike (1975), 44 Ohio St.2d 73.
 {¶ 10} In Driscoll v. Austintown Assoc. (1975), 42 Ohio St.2d 263, the Ohio Supreme Court specifically addressed declaratory judgment actions in light of a constitutional challenge and held that constitutional challenges to a zoning ordinance may be brought in a declaratory judgment action provided that available administrative remedies are exhausted or
that the affirmative defense stemming from a failure to do so is waived.
 {¶ 11} Accent Group takes issue with the trial court's determination that it must first exhaust its remedies and cites to Perrico PropertySystems v. City of Independence (1994), 96 Ohio App.3d 134 for the premise that exhaustion is not required. It claims that the constitutionality of an ordinance may be attacked in two ways: either by an appeal from an administrative zoning decision or by a declaratory judgment action. It further claims that the existence of another remedy does not preclude judgment for declaratory relief. Id. at 139.
 {¶ 12} While Accent Group is correct in that one remedy does not preclude the filing of declaratory judgment action, the Ohio Supreme Court in Driscoll, supra, appears to focus on the order of the actions, and the applicable results, as key. It is a fundamental principle of law that "constitutional questions not be decided until the necessity for [their] decision arises." State, ex rel. Herbert v. Ferguson (1944),142 Ohio St. 496. If Accent Group had followed the proscribed administrative procedure, it might have been given a permit. If the permit would have been given, Accent Group would not now be claiming prejudice and there would therefore be no need to challenge the constitutionality of the ordinance.
 {¶ 13} Moreover, Accent Group has not proven that the two exceptions to requiring exhaustion of administrative remedies apply. The Village of North Randall had a variance procedure in place that could have offered the relief sought. Accent Group never sought a variance and failed to attempt even one administrative remedy as provided under R.C. chapters 713 or 2506. In fact, Accent Group never formally applied in writing for either an occupancy permit or a conditional use permit.
 {¶ 14} As such, the Ohio Supreme Court's holding that "[a] declaratory judgment action attacking the constitutionality of the zoning restriction does not call into question the denial of the variance, even though * * * utilization of the administrative variance procedure is normally a prerequisite to initiating a declaratory judgment action" is still applicable. Driscoll, supra at 271.
 {¶ 15} Accent Group's first assignment of error lacks merit.
 {¶ 16} In its second assignment of error, Accent Group contends that when the city passed the new zoning ordinance, effective January 1, 2001, and maintained the exclusion of auto repair on such a parcel, this amounted to a regulatory taking of the property because it now had no economically viable use. It claims that because of this fact, the trial court erred in granting summary judgment.
 {¶ 17} "[I]n order for the landowner to prove a [regulatory] taking, he or she must prove that the application of the ordinance has infringed upon the landowner's rights to the point that there is no economically viable use of the land and, consequently, a taking has occurred for which he or she is entitled to compensation." Goldberg, 81 Ohio St.3d at 210. The United States Supreme Court held as follows regarding when the denial of a property-use permit constitutes a regulatory taking:
"A requirement that a person obtain a permit before engaging in a certain use of his or her property does not itself `take' the property in any sense: after all, the very existence of a permit system implies that permission may be granted, leaving the landowner free to use the property as desired. Moreover, even if the permit is denied, there may be other viable uses available to the owner. Only when a permit is denied and the effect of the denial is to prevent `economically viable' use of the land in question can it be said that a taking has occurred." (Emphasis in original.) United States v. Riverside Bayview Homes, Inc. (1985),474 U.S. 121, 127.
 {¶ 18} Although Accent Group claims that three separate businesses were denied permits and that "a landowner does not have a right to have his land zoned for its most advantageous economic use; the mere fact that the property would be substantially more valuable if used an alternate way is, in itself, insufficient to invalidate an existing zoning ordinance." Smythe v. Butler Township (1993), 85 Ohio App.3d 616, 621. The property owner must demonstrate that the zoning restrictions render the property effectively valueless, without any economically beneficial use, such that the landowner should be compensated. Ketchel v. BainbridgeTwp. (1990), 52 Ohio St.3d 239, 245. "Something more than loss of market value or loss of comfortable enjoyment of the property is needed to constitute a taking." State ex rel. BSW Dev. Group v. Dayton (1998),83 Ohio St.3d 338, 345, 1998-Ohio-287, quoting State ex rel. Pitz v.Columbus (1988), 56 Ohio App.3d 37.
 {¶ 19} Accent Group claimed that at least three separate businesses were denied permits from the city. It first claimed that an acupuncture clinic applied for a permit to occupy the premises. According to Charles Horvath, the clinic appeared at a planning and zoning commission meeting where the proposal was voted down. The clinic, however, never filed a formal application for a zoning permit. (Horvath Deposition at 44-45.) Mr. Horvath outlined that although the application had been rejected, the clinic could have petitioned council to be heard at the council meeting, but instead chose not to do so. (Horvath Deposition at 47). The minutes of the meeting also state that the clinic was the type of business thatdid apply to the zoning code. (Horvath Deposition at 48). (Emphasis added.)
 {¶ 20} In reference to a check cashing business that sought to lease the building, the store did not, to Horvath's recollection, attend a planning commission meeting or file a formal application. (Horvath Deposition at 58). Finally, Horvath stated that although Miles Auto Repair called him regarding the business, when he advised the caller that such a business was not a permitted use, the call ended and he had not heard anything further. (Horvath Deposition at 66).
 {¶ 21} Accent Group has failed to prove that the Village has deprived it of any economically viable use. (Emphasis added.) It is equally clear that although it now claims three separate businesses were preliminarily denied permits, none of the businesses filed formal zoning applications or pursued their requests on any additional level. Moreover, while Accent Group claimed that even a rental of $5,200 per month would leave a shortfall of $1,800 a month from its mortgage and tax commitments, it has failed to offer sufficient proof of these mortgage and tax figures.
 {¶ 22} For these reasons, this assignment of error lacks merit. The ruling of the trial court is affirmed.
It is ordered that appellee shall recover of appellant costs herein taxed.
The court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Rocco, J., concur.
 APPENDIX A ASSIGNMENTS OF ERROR
 "I. THE COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENTON PLAINTIFF'S PLEADING FOR DECLARATORY RELIEF UNDER OHIO REVISED CODESECTION 2721 ET SEQ. AND IN UPHOLDING THE CONSTITUTIONALITY OF THEVILLAGE OF NORTH RANDALL ORDINANCE.
 II. THE COURT ERRED IN GRANTING SUMMARY JUDGMENT ON THE ISSUE OFREGULATORY TAKING."
[1] Accent Group II.
[2] The trial court originally entered judgment in favor of North Randall on February 4, 2002; however, that decision was remanded by this Court on October 3, 2002, for a decision by the trial court, which declared the rights and obligations of the parties. See Accent Group,Inc. v. N. Randall (Oct. 3, 2002), Cuyahoga App. No. 80890, 2002-Ohio-5349. ("Accent Group I").