OPINION
{¶ 1} Plaintiff-appellant John S. Malone appeals from a summary judgment rendered in favor of defendant-appellees Suzanne and Shaun Lowry. Malone contends that the trial court erred in rendering summary judgment because the settlement agreement entered into between the parties was pertinent only to the civil protection *Page 2 
order case. Malone argues that this agreement is not dispositive of further claims against the Lowrys arising both before and after the settlement agreement was reached.
 {¶ 2} We conclude that the trial court was correct in rendering summary judgment in favor of the Lowrys. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 3} John Malone owns real estate adjacent to Suzanne and Shaun Lowry in Greene County, where the parties share a common driveway for ingress and egress. In 2003, the Lowrys filed an application in which they requested a zoning variance from the Xenia Township Board of Zoning Appeals (BZA) so that their daughter could build a home on the lot adjacent to Malone. In December 2003, the BZA granted this application. Subsequently, Malone filed an appeal of the BZA's decision with the Greene County Court of Common Pleas.
 {¶ 4} In July 2004, while the BZA case was ongoing, Suzanne Lowry filed a petition for a civil stalking protection order against Malone in the Greene County Court of Common Pleas. In the petition, Lowry alleged that Malone obstructed the access road to her residence, that Malone sat and watched her on a hill that overlooked her residence, typically when her husband was not home and approached her in a manner that made her feel uncomfortable. Mrs. Lowry sought ex parte protection for both herself and Mr. Lowry, and a hearing was held on the matter without Malone present. After the hearing, a protective order was issued against Malone. Following the issuance of the protection order, a settlement agreement was reached between the parties in *Page 3 
November 2004. The agreement was filed as an "Agreed Judgment Entry and Order" in the BZA case and was referenced in the dismissal entry in the civil stalking protection order case. The order sets forth a number of requirements for the parties. It requires Malone to remove all personal property, farm machinery and equipment from the real estate adjacent to the entrance of the driveway shared by the parties, he is also to refrain from parking any motor vehicle overnight on his portion of real estate containing the access road that is adjacent to the Lowrys' property until he has a personal residence on that real estate. It also obligates the parties to stay at least 100 feet away from each other. This order provided for the dismissal of the stalking case, with prejudice.
 {¶ 5} In April 2005, Malone filed suit against the Lowrys alleging abuse of process, malicious prosecution, negligent and intentional infliction of emotional distress, libel and slander on their part. These claims were based on the conduct of the Lowrys in relation to, and subsequent to their filing of the petition for civil stalking protection order.
 {¶ 6} In July 2005, the Lowrys filed the motion for summary judgment that is the subject of this appeal. The motion contends that the Lowrys were absolutely immune from Malone's claims because the claims arose from statements both contained within and made during judicial proceedings. The motion further contends that without these privileged statements, Malone's claims lack merit. As a result, the Lowrys argue that there is no genuine issue of material fact and they are entitled to judgment as a matter of law. The trial court agreed, and granted the motion for summary judgment. From this adverse judgment, Malone appeals. *Page 4 
 II {¶ 7} Malone's First Assignment of Error is as follows:
 {¶ 8} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT ON THE CAUSES OF ACTION IN APPELLANT'S COMPLAINT WHEN IT CONCLUDED THAT THE SETTLEMENT REACHED IN THE STALKING CIVIL PROTECTION ORDER PROCEEDING BETWEEN THE PARTIES UNDER SECTION 2903.214 OF THE OHIO REVISED CODE WAS DISPOSITIVE OF ALL CLAIMS OF APPELLANT ARISING PRIOR TO SUCH SETTLEMENT AGREEMENT."
 {¶ 9} Under Civ. R. 56, summary judgment is proper, "when no genuine issue as to any material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion is made, that conclusion is adverse to that party."Temple v. Wean United Inc. (1977), 50 Ohio St.2d 317, 327,364 N.E.2d 267, 274. An appellate court reviews a decision granting summary judgment de novo, meaning that we apply the same standards as the trial court. Grafton v. Ohio Edison Co. (1995), 77 Ohio St.3d 102, 105,671 N.E.2d 241.
 {¶ 10} Initially, the moving party has the burden of informing the court of the basis for summary judgment, and must do so by directing the court's attention to specific parts of the record that demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280, 293, 662 N.E.2d 264, 273. This burden cannot be *Page 5 
discharged by "making a conclusory assertion that the nonmoving party has no evidence to prove its case." Id. If the moving party fails to meet this burden, then summary judgment must be denied.
 {¶ 11} If the moving party meets its initial burden, then the burden shifts to the nonmoving party to point to specific facts exhibiting the existence of a genuine issue for trial. Id. In doing so, the non-movant may not rest on the mere allegations or denials located within the pleadings. If the nonmoving party fails to meet this burden, then summary judgment, if appropriate, must be entered in favor of the moving party. Id.
 {¶ 12} The claims brought by Malone in the present suit include abuse of process, malicious prosecution, intentional and negligent infliction of emotional distress, libel and slander. In granting summary judgment, the trial court focused on the settlement agreement entered into by the parties in the stalking case, and the absolute privilege which attached to statements made in the judicial proceedings prior to that agreement.
 {¶ 13} Under his First Assignment of Error, Malone contends that R.C.2903.214, which deals with civil stalking protection orders, only provides limited subject-matter jurisdiction to the trial court in issuing relief. The statute confers jurisdiction over requests for protection orders to the court of common pleas of the county in which the person to be protected resides. R.C. 2903.214 (A) (1). Malone argues that the statute limits the court's jurisdiction to orders of protection from menacing and stalking. Thus, he contends he was unable to file counterclaims, raising the claims currently in front of the court, in the stalking case.
 {¶ 14} Also, Malone argues that these claims seek remedies that were *Page 6 
unavailable to him in the stalking case. He points out that R.C.2903.214 states that the relief available in the stalking case is in addition to, and not in lieu of, other civil and criminal remedies. It is his position that the trial court erred when it concluded that the settlement agreement precluded any other civil claims that he may have against the Lowrys based on facts arising both during and subsequent to the stalking case.
 {¶ 15} Although the specified remedy under R.C. 2903.214 is an ex parte protection order followed possibly by a permanent order, the Lowrys argue there is nothing within the statute that precluded Malone from filing other claims. As support, they point to this case and the claims brought forth by Malone as evidence. Furthermore, the Lowrys contend that the trial court's basis for dismissing the claims was not the settlement agreement, but because the claims lacked merit.
 {¶ 16} The elements of a claim for abuse of process are: "(1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process."Yaklevich v. Kemp, Schaeffer Rowe Co., L.P.A. (1994),68 Ohio St.3d 294, 298, 626 N.E.2d 115, 118. Although Malone argues in the complaint that the petition was filed willfully and maliciously for the improper purpose of causing difficulty to him because of his opposition to their zoning variance request, the fact remains that the Lowrys successfully obtained a protective order. Malone did not challenge the protective order, but instead chose to enter into a voluntary settlement agreement that resulted in its dismissal. For this reason, Malone fails to establish that the petition was filed in an attempt to accomplish an ulterior motive for which it was not designed. *Page 7 
Therefore, there is no genuine issue of material fact and the Lowrys are entitled to judgment as a matter of law on the abuse of process claim. In order to establish a claim for malicious prosecution, the plaintiff must prove that there was: "(1) malicious institution of prior proceedings against plaintiff by defendant * * *, (2) lack of probable cause for the filing of the prior lawsuit * * *, (3) termination of the prior proceedings in plaintiff's favor, * * * and (4) seizure of plaintiff's person or property during the course of prior proceedings * * *." Robb v. Charter Lagoons Yacht Club, Inc. 75 Ohio St.3d 264, 269,662 N.E.2d 9, 13, citing Crawford v. Euclid Natl. Bank (1985),19 Ohio St.3d 135, 139, 483 N.E.2d 1168, 1171.
 {¶ 17} Before the plaintiff can be successful, it must be shown that the prior proceeding was terminated in his favor. A proceeding is terminated in favor of the accused "only when its final disposition indicates that the accused is innocent." Ash v. Ash (1995),72 Ohio St.3d 520, 522, 651 N.E.2d 945, 947. When a prosecution is terminated by way of a voluntary settlement or agreement of compromise with the accused, it is not indicative of guilt or innocence and thus, is not a termination in favor of the accused. Id. at 948. Here, the parties entered into a voluntary settlement agreement in the stalking case which was filed as an "Agreed Judgment Entry and Order" in the BZA case and referenced in the dismissal entry in the civil protection order case. For this reason, we find that Malone has failed to show the prior proceeding was terminated in his favor, and cannot therefore prevail on the claim of malicious prosecution. For this reason, Malone has failed to point to specific portions of the record exhibiting a genuine issue of material fact, and as a result the Lowrys are entitled to judgment as a matter of law on the malicious prosecution claim. To be successful in a *Page 8 
claim for intentional infliction of emotional distress a plaintiff must prove, "(1) the defendant intended to cause emotional distress to the plaintiff, (2) the defendant's conduct was so extreme and outrageous as to go beyond the bounds of decency and when such conduct can be considered utterly intolerable in a civilized society, (3) defendant was the proximate cause of plaintiffs psychiatric injury, and (4) the mental anguish suffered by the plaintiff is so serious and of a nature that no reasonable person can be expected to endure." Cox v. Kettering Med.Ctr., Montgomery App. No. 20614, 2005-Ohio-5003 at _ 30-31.
 {¶ 18} In the complaint, Malone contends that the filing of the petition was intentional, malicious and willful and that the Lowrys knew or should have known it would result in serious emotional distress to Malone. Malone does not allege any extreme and outrageous conduct on the part of the Lowrys. Furthermore, Malone fails to plead that the mental anguish he suffered as a result of the protective order was of a nature that no reasonable person should be expected to endure. As a result of this lack of specificity, we find there to be no genuine issue of fact material to the claim for intentional infliction of emotional distress and conclude that the Lowrys are entitled to judgment as a matter of law on this claim.
 {¶ 19} We agree with the trial court regarding Malone's negligent infliction of emotional distress claim. In order to claim negligent infliction of emotional distress, a plaintiff must have "either witnessed or experienced a dangerous accident or appreciated the actual physical peril." Heiner v. Moretuzzo (1995), 73 Ohio St.3d 80, 86-87,652 N.E.2d 664, 669. In the complaint, Malone alleges that the Lowrys' intentional, malicious and willful actions caused him to sustain serious emotional *Page 9 
distress. Nowhere does he allege any negligence by the Lowrys. Malone fails to assert that he witnessed or experienced a dangerous accident or appreciated actual physical peril; he just contends that he incurred medical expenses in excess of $700. For this reason, Malone has failed to properly plead a cause of action for negligent infliction of emotional distress, and therefore no genuine issue of material fact exists and the Lowrys are entitled to judgment as a matter of law.
 {¶ 20} Next, we consider the absolute immunity given to statements made in judicial proceedings, and how this immunity relates to Malone's claims for libel and slander.
 {¶ 21} "Upon certain privileged occasions where there is a great enough public interest in encouraging uninhibited freedom of expression to require the sacrifice of the right of the individual to protect his reputation by civil suit, the law recognizes that false, defamatory matter may be published without civil liability.* * *
 {¶ 22} "Such privileged occasions have by long judicial history been divided into two classes — occasions absolutely privileged and those upon which the privilege is only a qualified one. * * *
 {¶ 23} "It has been said by many courts that the occasions of absolute privilege are few and that the tendency is to limit them rather strictly to the following types of occasions: * * * (2) judicial proceedings in established courts of justice. * * *" M.J. DiCorpo Inc. v. Sweeney
(1994), 69 Ohio St.3d 497, 505, 634 N.E. 2d 203, 209, quotingBigelow v. Brumley (1941), 138 Ohio St. 574, 579-80, 37 N.E.2d 584, 588.
 {¶ 24} This absolute privilege for statements made in a judicial proceeding extends to every step of the proceeding, from beginning to end. Id. citing Prosser *Page 10 
Keeton, Law of Torts (5 Ed. 1984) 819, Section 114. The policy behind this privilege is to encourage people to report criminal activity by removing the threat of subsequent civil liability. Id. The absolute immunity is applicable only to statements that are reasonably related to the judicial proceeding in which they are made. Id. at 506.
 {¶ 25} A claim for libel that relies on statements made within a written pleading does not state a cause of action where the allegedly libelous statement bears some reasonable relationship to the judicial proceeding in which it appears. Surace v. Wuliger (1986),25 Ohio St.3d 229, 233, 495 N.E.2d 939, 942-3. To obtain a protective order, a person must comply with the requirements of R.C. 2903.214, which requires a party to allege actions by another that would constitute menacing by stalking. R.C. 2903.214 (C) (1). Menacing by stalking occurs when a person knowingly engages in a pattern of conduct that causes another person to believe the offender will cause them physical harm or mental distress. R.C. 2903.211. In the petition, Mrs. Lowry alleged that Malone blocked her property, sat and observed her for hours when her husband was not home and approached her in a manner that made her feel uncomfortable. These allegations allege actions consistent with those required to prove menacing by stalking, and are therefore reasonably related to obtaining a protective order.
 {¶ 26} In the complaint, the libel claim is based on Mrs. Lowry's affidavit, submitted with the petition in the stalking case. Malone alleges that this affidavit contained false statements, reflecting upon his character and causing a protective order to be issued against him. Malone contends this was done willfully and maliciously with intent to injure his reputation. He does not allege that any other libelous publications were made by the Lowrys. Since the statements made in the affidavit were reasonably *Page 11 
related to obtaining a protective order, they cannot provide the basis for Malone's libel claim. Thus, there is no genuine issue of material fact and the Lowrys are entitled to judgment as a matter of law on the libel claim.
 {¶ 27} In the complaint, the sole basis for Malone's slander claim is the testimony given by the Lowrys at the July, 2004 magistrate's hearing on the protection order. He alleges that statements were false and defamatory. The Lowrys contend this sworn testimony enjoys the same immunity as statements contained in a written pleading because it was given in a judicial proceeding. A person is immune from civil liability for testimony given in court, even if that testimony is false.Patterson v. Patterson (April 14, 1989), Greene App. No. 88-CA-75, citing Willitzer v. McCloud (1983), 6 Ohio St.3d 447, 449,453 N.E.2d 693. The exclusive remedy for false testimony is the criminal sanction imposed for perjury. Id. For this reason, any testimony given by Mrs. or Mr. Lowry at the July, 2004 magistrate's hearing is privileged. Since this testimony cannot serve as the basis for Malone's slander claim, we find there to be no genuine issue of material fact and the Lowrys are entitled to judgment as a matter of law.
 {¶ 28} Malone's First Assignment of Error is overruled.
 III {¶ 29} Malone's Second Assignment of Error is as follows:
 {¶ 30} "THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO APPELLEES CONCERNING APPELLANT'S CLAIMS THAT AROSE SUBSEQUENT TO THE SETTLEMENT AGREEMENT ENTERED INTO BETWEEN THE PARTIES." *Page 12 
 {¶ 31} Under this assignment of error, Malone asserts that the trial court erred in granting summary judgment because he alleged a pattern of conduct by the Lowrys that continued after the course of judicial proceedings. Namely, Malone contends that the trial court failed to observe his allegations that the Lowrys committed other acts which might support the validity of one or more of his claims. Among these allegations, Malone contends a police report was filed by Mrs. Lowry on May 6, 2005, after the settlement agreement was reached in the stalking case. It is Malone's position that this report was not entitled to the privileges that may or may not be applicable to those statements made prior to the agreement.
 {¶ 32} As noted above, to be entitled to summary judgment in their favor, the Lowrys, as the movants, have the initial burden of directing the court's attention to specific parts of the record establishing the non-existence of a genuine issue of material fact. The Lowrys satisfied this initial burden by averring that all of their allegedly tortious statements occurred before the settlement agreement. Malone rebutted this by submitting an affidavit to which he attached the police report of May 6, 2005, which was after the settlement agreement.
 {¶ 33} In the police report of May 6, 2005, Mrs. Lowry reported that Malone went up on the hill and watched as she mowed her grass. She informed the officer that Malone's wife, Kathy, entered the driveway as Malone approached her from the opposite direction, which made her feel that they were attempting to trap her. The report indicated that Mrs. Lowry and Mrs. Malone then took pictures of each other. Although this report occurred after the settlement agreement, Malone fails to aver how it is actionable. Missing is any averment that Mrs. Lowry's statements in this police report *Page 13 
are even false, much less malicious. Instead, Malone relies on the mere allegations of his complaint, which under Dresher is insufficient. For this reason, although this police report was filed after the agreement, Malone's failure to specify how that report was actionable leads us to find there to be no genuine issue of fact material to these allegations. Therefore, the Lowrys are entitled to judgment as a matter of law on the remaining claims.
 {¶ 34} Malone's Second Assignment of Error is overruled.
 IV {¶ 35} Malone's First and Second Assignments of Error having been overruled, the judgment of the trial court is Affirmed.
 WOLFF, P.J., and GRADY, J., concur. *Page 1