[Cite as *Carter v. Pristine Senior Living & Post-Acute Care*, 2021-Ohio-1211.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| LEWIS Q. CARTER, et al. | : | |
| | : | |
| Plaintiffs-Appellants | : | Appellate Case No. 28877 |
| | : | |
| v. | : | Trial Court Case No. 2018-CV-2214 |
| | : | |
| PRISTINE SENIOR LIVING AND POST-ACUTE CARE, et al. | : | (Civil Appeal from Common Pleas Court) |
| | : | |
| Defendants-Appellees | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 9th day of April, 2021.

. . . . . . . . . .

JULIUS L. CARTER, Atty. Reg. No. 0084170, 10 West Second Street, Suite 2229, Dayton, Ohio 45402
      Attorney for Plaintiffs-Appellants

STEVEN J. HUPP, Atty. Reg. No. 0040639 and KATHLEEN A. STAMM, Atty. Reg. No. 0095160, 1300 East Ninth Street, Suite 1950, Cleveland, Ohio 44114
      Attorneys for Defendants-Appellees

. . . . . . . . . . . . .

HALL, J.

**{¶ 1}** Plaintiffs-appellants Julius Carter and Lewis Carter appeal from the trial court's entry of summary judgment for Pristine Senior Living and Post-Acute Care and its administrator, Scott Fehr, on the Carters' claim for defamation. The trial court granted summary judgment on the merits to the defendants, concluding that the allegedly defamatory statements were privileged; it also granted them summary judgment based on the Carters' failure to properly serve Fehr. We affirm.

## I. Factual and Procedural Background

**{¶ 2}** Lewis Carter was a resident at Pristine Senior Living and Post-Acute Care ("Pristine"), a long-term care and rehabilitation facility in Englewood, Ohio. While visiting his father on the evening of May 16, 2017, Julius Carter complained to a nurse about the care that his father was receiving. According to the nurse, Julius yelled at her and said, "I want to hit you right now." The nurse reported the incident, and Fehr was notified. An employee-safety policy required Fehr to report any threat of violence against an employee to the police. As such, Fehr contacted the Englewood Police Department and reported what had happened, including Julius's alleged threat to the nurse. Fehr stopped working for Pristine in June 2017 and moved to Columbus, Ohio.

**{¶ 3}** On May 18, 2018, the Carters filed an action against Pristine and Fehr, jointly and severally, claiming medical negligence regarding the care of Lewis Carter and defamation for filing a false police report against Julius. The negligence claim was dismissed for failure to file an affidavit of merit, and that judgment is not a subject of this appeal. Pristine and Fehr filed a motion for summary judgment on the claim for defamation, contending that Fehr's statements were privileged. The trial court sustained

the motion, but on December 6, 2019, we reversed, finding that the trial court had not allowed Carter an appropriate opportunity to oppose summary judgment. *See Carter v. Pristine Senior Living and Post-Acute Care, Inc.*, 2d Dist. Montgomery No. 28381, 2019-Ohio-5010.

{¶ 4} After remand, on January 6, 2020, Pristine and Fehr filed a renewed motion for summary judgment, again based on privilege. A couple of weeks later, they filed a motion to dismiss for failure to perfect service on Fehr. The trial court converted the motion to dismiss into a motion for summary judgment, and on July 28, 2020, the court sustained both motions. The court concluded that Fehr's statements to police were entitled to an absolute as well as a qualified privilege. The court also concluded that service had not been perfected on Fehr, because a year had passed since the Carters filed their complaint and he had not been properly served.

{¶ 5} The Carters appeal.

## II. Analysis

{¶ 6} The Carters assign three errors to the trial court. We will address them out of order.

## A. Summary judgment based on privilege

{¶ 7} The third assignment of error alleges: "The trial court erred by granting Appellees' Motion for Summary Judgment on the issue of qualified and absolute privilege."

{¶ 8} There is immunity from civil liability for defamatory statements made in certain situations. *M.J. DiCorpo Inc. v. Sweeney*, 69 Ohio St.3d 497, 505, 634 N.E.2d 203 (1994). These situations are divided into two categories: absolute privilege and

qualified privilege. *Id.*

{¶ 9} One situation in which absolute privilege applies is in a judicial proceeding. *Id. See also Malone v. Lowry*, 2d Dist. Greene No. 06-CA-101, 2007-Ohio-5665, ¶ 24. Some Ohio courts hold that statements to police officers are part of a judicial proceeding and are also entitled to absolute privilege. *E.g.*, *Lasater v. Vidahl*, 2012-Ohio-4918, 979 N.E.2d 828 (9th Dist.). Other Ohio courts disagree, holding that statements to police officers are not part of a judicial proceeding and are entitled only to a qualified privilege. *E.g.*, *Thomas v. Murry*, 8th Dist. Cuyahoga No. 109287, 2021-Ohio-206, ¶ 57. In this case, in finding that absolute privilege applied, the trial court relied on our decision in *Malone*, in which we reiterated the principle that statements made in a judicial proceeding are entitled to absolute privilege. But the statements in *Malone* were made in an affidavit submitted with a petition for a protection order. In the present case, the statements were in the context of a report to police of criminal activity. This court has not decided whether such statements to police officers are part of a judicial proceeding and entitled to absolute privilege.

{¶ 10} We need not decide, however, whether absolute privilege applied here, because we agree that Fehr's statements were entitled to qualified privilege. " 'Any communications made by private citizens to law enforcement personnel for the prevention or detection of crime are qualifiedly privileged and may not serve as the basis for a defamation action *unless it is shown that the speaker was motivated by actual malice.*' " (Emphasis added.) *Allen v. Pirozzoli*, 8th Dist. Cuyahoga No. 103632, 2016-Ohio-2645, ¶ 14, quoting *Lewandowski v. Penske Auto Group,* 8th Dist. Cuyahoga No. 94377, 2010-Ohio-6160, ¶ 26. "In other words, a qualified privilege may be defeated if a claimant

proves with convincing clarity that the speaker acted with actual malice." *Thomas* at ¶ 57, citing *Jacobs v. Frank*, 60 Ohio St.3d 111, 573 N.E.2d 609 (1991), paragraph two of the syllabus. "In the context of a qualified privilege, 'actual malice' is defined as 'acting with knowledge that the statements are false or acting with reckless disregard as to their truth or falsity.' " *Id.*, quoting *Lewandowski* at ¶ 26. Here, there was simply no evidence that could have been construed to show that Fehr acted with actual malice in making the statements to the police. As the trial court found, the evidence showed that Fehr made the statements in good faith, with an interest to be upheld, for a limited purpose, and on a proper occasion, in a proper manner, to a proper person.

{¶ 11} If Fehr was not liable, then neither was Pristine. "Under the doctrine of respondeat superior, without an underlying tort claim against an employee, a plaintiff has no claim against the employee's employer." *Krause v. Case W. Res. Univ.*, 8th Dist. Cuyahoga No. 70712, 1996 WL 732537, *6 (Dec. 19, 1996), citing *Strock v. Pressnell*, 38 Ohio St. 3d 207, 217, 527 N.E.2d 1235 (1988). If summary judgment is properly granted to an employee on a defamation claim, the employer cannot be liable under the doctrine of respondeat superior. *See Spingola v. Stonewall Columbus, Inc.*, 10th Dist. Franklin No. 06AP-403, 2007-Ohio-381, ¶ 26. So, if there were no liability for Fehr because of qualified privilege, there could be no respondeat superior liability for Pristine. Therefore, both Pristine and Fehr were entitled to summary judgment on the Carters' claim for defamation.

{¶ 12} The third assignment of error is overruled.

### B. Summary judgment based on failure of service

{¶ 13} The first assignment of error alleges: "The trial court erred by deciding the

Motion for Summary Judgment, on the issue of privilege, on the merits after deciding the Motion for Summary Judgment, on the issue of service pursuant to Civ.R. 3(A) and Civ.R. 12(B)(5), with prejudice, in favor of both Defendants."

{¶ 14} The Carters filed their complaint against Pristine and Fehr on May 18, 2018. Fehr stated in an affidavit that he was never personally served with the complaint. When service was attempted on him at Pristine, Fehr was no longer employed there. Fehr also avers that he never authorized anyone else to accept service for him. The Carters concede that Fehr may not have been properly served. But they argue that, even if Fehr were properly dismissed, Pristine should not have been. We decline to decide this issue because, as we have concluded, judgment for Pristine was proper on the merits.

{¶ 15} The Carters also argue that the trial court should not have decided the summary-judgment motion on the merits of the defamation claim after granting summary judgment on the issue of service. We are not convinced. We note that, in its decision, the court actually ruled on the merits first and then on the service issue. But in effect, the court decided both motions simultaneously.

{¶ 16} The first assignment of error is overruled.

## C. Discovery

{¶ 17} The second assignment of error alleges: "The trial court erred by denying Appellants the opportunity to engage in meaningful discovery on the issues of qualified and absolute privilege."

{¶ 18} On January 6, 2020, Pristine and Fehr filed their renewed motion for summary judgment—which was substantively the same motion for summary judgment that had been originally filed almost a year earlier. On February 10, the trial court gave

the Carters a ten-day extension to respond to the issue of absolute privilege and gave them until after they had the opportunity to conduct depositions to respond to the issue of qualified privilege. It was not until February 20 that the Carters reasserted their written discovery requests, and the only depositions requested were of Fehr and Officer Gary L. Shewman. The Carters timely filed their response on the absolute-privilege issue. On March 11, about a week after taking Fehr's deposition, the Carters filed their response on the issue of qualified privilege.

{¶ 19} The Carters contend that the trial court denied them a reasonable opportunity to obtain discovery to oppose summary judgment by limiting the time for discovery. They say that while they were able to conduct two depositions, they had to do so without the benefit of relevant documents, because Pristine and Fehr did not provide meaningful responses to interrogatories and did not provide any of the documents requested. The Carters contend that this lack of discovery negatively affected their ability to respond to Pristine and Fehr's summary-judgment motion on the merits of their defamation claim. Pristine and Fehr respond that many of the Carters' interrogatories and requests for documents were improper under Civ.R. 33 and 34, and they noted their objections in their responses. They point out that the Carters could have asked Fehr at his deposition about many of the matters in their written discovery requests, but they did not.

{¶ 20} As a general matter, "[a] trial court * * * has discretion in the regulation of discovery matters." (Citation omitted.) *Denham v. New Carlisle*, 138 Ohio App.3d 439, 443, 741 N.E.2d 587 (2d Dist.2000). Pertinent here, " 'Civ.R. 56(F) requires the [party opposing summary judgment] to submit affidavits with sufficient reasons stating why it

cannot present by affidavit facts sufficient to justify its opposition.' " *Id.*, quoting *Gates Mills Invest. Co. v. Pepper Pike*, 59 Ohio App.2d 155, 169, 392 N.E.2d 1316 (8th Dist.1978). " 'When a request for a continuance to respond to a motion for summary judgment is not supported by affidavits, a trial court is free to consider the merits of the motion without first ruling on the motion for continuance.' " *Id.*, quoting *Ramsey v. Edgepark, Inc.*, 66 Ohio App.3d 99, 104, 583 N.E.2d 443 (10th Dist.1990).

{¶ 21} Here, the Carters did not mention Civ.R. 56(F) and did not support their opposition to summary judgment with an affidavit. Furthermore, after reviewing the Carters' interrogatories and document requests, we do not believe that more time would have changed the outcome, as the record before us contains not even a hint that Fehr acted with actual malice in making the police report. We cannot say that the trial court abused its discretion with respect to discovery.

{¶ 22} The second assignment of error is overruled.

### III. Conclusion

{¶ 23} We have overruled each of the three assignments of error. The trial court's judgment is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and EPLEY, J., concur.

Copies sent to:

Julius L. Carter
Steven J. Hupp
Kathleen A. Stamm
Ronald Margolis
Hon. Dale Crawford, Visiting Judge